# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════

## NO. 03-05-00584-CV

═══════════════

**Lenard Boyce, Fisher, Appellant**

**v.**

**County of Williamson, Texas, on behalf of itself and The City of Florence, Texas; and Florence Independent School District, Appellees**

════════════════════════════════════════════════════════════════════════
**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 05-087-T368, HONORABLE BURT CARNES, JUDGE PRESIDING**
════════════════════════════════════════════════════════════════════════

## M E M O R A N D U M   O P I N I O N

Appellant Lenard Boyce, Fisher[1] brings this *pro se* appeal[2] from a judgment assessing delinquent property taxes against him. Fisher appeals in six issues, contending that he was denied due process by the trial court and that the County of Williamson ("County"), the City of Florence

───────────────

[1] The punctuation in appellant's name is intentional, reflecting the way he spells it.

[2] We hold *pro se* litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

("City"), and Florence Independent School District ("School District") lack jurisdiction to tax Fisher's real property because he is a "natural man."[3] We affirm the trial court's judgment.

The County sued Fisher on behalf of itself and the City for delinquent property taxes. The School District intervened also seeking delinquent property taxes. In a non-jury trial, the County and the School District presented evidence demonstrating that, for the years 2002 through 2004, Fisher owed $822.13 in delinquent taxes, penalties, and interest to the County, $852.46 to the City, and $3,955.52 to the School District, for a total of $5,630. The trial court rendered judgment against Fisher in favor of the County, City, and School District for the amount due, court costs, and a $100 title research fee. The trial court also ordered foreclosure of the statutory tax liens held by the County, City, and School District on the real property for the amount of delinquent property taxes, accrued penalties, interest, costs, and expenses.

In his first and second issues, Fisher contends that the trial court denied him due process of law by initially calling the case "State of Texas v. Lenard Boyce Fisher" and by twice asking Fisher what he meant by "special appearance." Fisher contends that the trial court was trying to confuse him and make him uncomfortable. The Texas Constitution provides that no citizen of Texas may be deprived of life, liberty, property, privileges or immunities except by due course of law. Tex. Const. art. 1, § 19. We find no deprivation of due process here. Although the court

---

[3] Fisher has appeared in this Court before to appeal a judgment for delinquent property taxes on this same property contending that (1) the taxing authorities had not "defined the Monies owed" because currency in the form of federal reserve notes is unconstitutional and (2) property taxes are an indirect tax on an obligation of the federal government. *See Fisher v. County of Williamson*, No. 03-01-00129-CV, 2002 Tex. App. LEXIS 340 (Tex. App.—Austin 2002, no pet.).

initially called the case by the incorrect name, Fisher immediately answered, was acknowledged by the court, and stated his case. Although the trial court twice asked Fisher, "What do you mean?" after Fisher stated that he was appearing by special appearance, the court was asking Fisher to explain, which he did at length. We find no deprivation of due process, and Fisher does not cite us to any authority holding otherwise. Fisher's first and second issues are overruled.

In his third and fourth issues, Fisher contends that he submitted to the court as evidence two affidavits and one copy of a freedom of information request, but that the documents were not entered into evidence by the court. Fisher contends that this denied him due process of law. We disagree. The record reflects that the trial court took judicial notice of the documents, as requested by Fisher, and the three documents were included in the clerk's record. Fisher's third and fourth issues are overruled.

In his fifth issue, Fisher contends that the trial court denied him due process by not hearing his argument before overruling his objection to the admission of one of plaintiff's exhibits. The record, however, reflects otherwise. Fisher objected to the exhibit, an affidavit executed by the County's tax assessor-collector with an attached compilation of delinquent taxes owed by Fisher to the County and City, stating, "I do have an objection to this. That is not me." The trial court then overruled the objection. The objection was a reference to an earlier argument made by Fisher, that he was a "natural person" and, therefore, not a legal entity. Because Fisher objected and stated his grounds before being overruled by the trial court, his claim lacks merit. Fisher's fifth issue is overruled.

In his sixth issue, Fisher contends, as he did before the trial court, that the County and School District lack jurisdiction to tax his real property because he is a "natural man" who does not own property "in this state," as the term is used in the tax code. We disagree. The Texas Constitution provides that all real property, whether owned by a natural person or corporation, shall be taxed. Tex. Const. art. 8, § 1(b). The tax code states that real property is taxable by a taxing unit if the real property is located within the boundaries of the taxing unit on the first day of January of the tax year. Tex. Tax Code Ann. § 21.01 (West 2001). A "taxing unit" is defined as a county, city, or school district that is authorized to impose and is imposing ad valorem taxes on property. *Id.* § 1.04(12) (West Supp. 2005). The County introduced into evidence a warranty deed reflecting that in 1983 Fisher became owner of the property, described as "a portion of lots 2 and 6, block 30, of the revised map of the town of Florence, Williamson County, Texas." Fisher's claim that his property is not "in the state" relies on a strained interpretation of the tax code and is without merit.

The County, City, and School District had jurisdiction to levy and collect ad valorem taxes on the real property owned by Fisher. The Texas Constitution allows counties to levy property taxes and empowers the legislature to enact laws for the assessment and collection of property taxes by school districts. Tex. Const. art. 8, § 9; art. 7, § 3(e). The Texas Education Code allows a school district to levy and collect property taxes. Tex. Educ. Code Ann. § 11.152 (West 2006). Cities are authorized to levy property taxes by the Texas Constitution, the tax code, and the local government code. Tex. Const. art. 8, § 9(a); art. 11, §§ 4, 5; Tex. Tax Code Ann. § 302.001 (West 2002); Tex. Loc. Gov't Code Ann. § 51.051 (West 1999).

4

Ad valorem taxes are a levy against property, not persons. The tax code provides that a tax bill should identify the property subject to the tax and state the taxable value of the property. Tex. Tax Code Ann. § 31.01(c) (West Supp. 2005). The tax bill is mailed to the person in whose name the property is listed on the tax roll. *Id.* § 31.01(a). On January 1 of each year a tax lien attaches to property to secure payment of all ad valorem taxes, penalties, and interest ultimately imposed for the year on the property. *Id.* § 32.01(a) (West 2002). A person is obligated to pay ad valorem taxes levied on property only if the person is the owner of the property on the first day of January of the tax year for which the tax is imposed. *Id.* § 32.07(a) (West Supp. 2005). The County and the School District introduced into evidence certified copies of delinquent tax records for Fisher's property. Fisher's claim that he is not correctly identified by documents that print his name in all capital letters because the use of capital letters is proper only in reference to corporate entities is an incorrect statement of law and without merit.

Pursuant to the tax code, the County, City, and School District made a *prima facie* case for recovery of delinquent property taxes. *Id.* § 33.47(a) (West 2002). The County introduced into evidence a copy of a warranty deed reflecting that Fisher became owner of the property in 1983 and a compilation of the delinquent taxes due to the County and the City. The School District introduced into evidence a certified copy of the tax records for the School District. Fisher offered no evidence in rebuttal.

Fisher further maintains that the actions of the taxing authorities create "a state of involuntary servitude to the taxing units" and constitute a taking. *See* U.S. Const. amends. V, XIII. As a rule, a claim, including a constitutional claim, must have been asserted in the trial court to be

5

raised on appeal.  *See* Tex. R. App. P. 33.1(a); *In re Commitment of Fisher*, 164 S.W.3d 637, 656 (Tex. 2005).  Because Fisher did not raise these arguments at the trial court we will not address them here.  We overrule Fisher's sixth issue.

## CONCLUSION

We overrule Fisher's issues on appeal and affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   June 15, 2006