Sandra F. WHEELER, Petitioner,

v.

Darrin Edward GREEN, Respondent.

No. 04–0043.

Supreme Court of Texas.

Feb. 11, 2005.

William C. Odeneal, Logan Odeneal, Odeneal and Odeneal, Dallas, Scott E. Kurth, De Soto, for Petitioner.

Patrick Thomas Mulry, Jones & Davis, L.L.P., Addison, for Respondent.

PER CURIAM.

Based on sixty-four deemed requests for admissions, the trial court granted summary judgment terminating Sandra Wheeler as joint managing conservator of her daughter, appointing Darrin Green as sole managing conservator (with exclusive rights to determine the child's residence, education, and medical care), and finding Sandra liable for maliciously prosecuting Darrin. Darrin's attorney neglected to point out in his summary judgment motion that Sandra—appearing pro se—actually *had* filed responses six months before the motion was heard, but two days after they were due. Sandra asserts the summary judgment was error, and under the facts presented here we agree.

Sandra gave birth to a daughter in December 1998. She sued to establish Darrin's paternity in February 1999. By final order in January 2000, Darrin agreed to pay child support and both parents were appointed joint managing conservators.

A succession of disputes regarding visitation and allegations of neglect followed, with Darrin eventually seeking modification to appoint him as sole managing conservator. On January 11, 2002, Darrin's attorney mailed sixty-four requests for admissions, which in his own words "requested admissions on every element of each claim set forth in Movant's live petition."

A certified receipt shows Sandra received them on January 19. The instructions informed her to respond "within 30 days after service of this request." *See* Tex.R. Civ. P. 198.2(a).

Sandra sent her responses to Darrin's attorney by mail on February 15, twenty-seven days after she received the requests. But this was actually thirty-five days after the "mailbox rule" deems they were served on her, thus making them two days late. *See* Tex.R. Civ. P. 21a (providing service occurs upon mailing and extending response time by three days).

Darrin's attorney moved for summary judgment, attaching the requests for admission but saying nothing about the responses he had in his file. Sandra—still pro se—filed no response but attended the summary judgment hearing. In fact, she did so twice, as the visiting judge announced at the first setting that the docket was too full and ordered them to return the next morning. When they did, he granted Darrin's motion.

Sandra thereafter obtained an attorney, who filed a motion for new trial, attached

her responses, and argued they were timely. The motion asserted the requests should not have been deemed admitted, the summary judgment should be set aside, and that Sandra would pay Darrin's costs if it was. This motion, too, was denied.

Sandra appealed, asserting that summary judgment based on nothing but the deemed admissions was erroneous. The court of appeals affirmed, pointing out that Sandra never responded to the summary judgment and never moved to withdraw her deemed admissions, and that "even in custody cases, a complete failure to follow the rules of pleading and practice cannot be ignored." 119 S.W.3d 887, 891. While we agree that no one can ignore the rules, we disagree that the rules here require judgment against Sandra by default.

■ First, Sandra was not required to file a summary judgment response, and the trial court could not grant Darrin's motion because she failed to do so. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999).

■ Second, although Sandra never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of exactly that complaint. *See* Tex. R.App. P. 33.1(a).

Third, Sandra did not waive these arguments by presenting them for the first time in her motion for new trial. We recently held in *Carpenter v. Cimarron Hydrocarbons Corp.* that the equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before

judgment and has other avenues of relief available. 98 S.W.3d 682, 686 (Tex.2002) (distinguishing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939)). But nothing in this record suggests that before summary judgment was granted, Sandra realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument. Accordingly, we hold she was entitled to raise them in her motion for new trial.

■ We also held in *Carpenter* that the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same. *Id.* at 687–88. Either is proper upon a showing of (1) good cause, and (2) no undue prejudice. *Id.; see* Tex.R. Civ. P. 166a(c), 198.3. Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Carpenter*, 98 S.W.3d at 687–88; *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). While Sandra argued only that her responses were timely, the trial court could not have concluded otherwise without noting that she was mistaken as to when "service" occurs. And while Sandra did not move to file a late response to the summary judgment motion, she came to argue her case at both hearings only because she was again mistaken as to what a summary judgment "hearing" was. On this record, the lower courts could have concluded that Sandra was wrong on her dates and wrong on how to correct them, but not that either was the result of intent or conscious indifference.[1]

---

1. By contrast, if the same elementary mistakes had been made by a lawyer, such a conclusion might well be warranted.

■ Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *Carpenter*, 98 S.W.3d at 687; *Stelly*, 927 S.W.2d at 622; *see also Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 357 (Tex.1998) (per curiam) (finding no undue prejudice from withdrawing store manager's deemed admissions as plaintiff had already deposed him). As Sandra's proof attached to her motion for new trial showed, Darrin's attorney received her responses two days late but six months *before* the summary judgment motion was heard. The lower courts could not have concluded on this record that Darrin would suffer any undue prejudice if the admissions were withdrawn.[2]

■ We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Stelly*, 927 S.W.2d at 622. While requests for admissions were at one time unique in including an automatic sanction for untimely responses, failure to comply with any discovery requests now bears similar consequences. *See* Tex.R. Civ. P. 193.6(a). Nevertheless, we have held for all other forms of discovery that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions, and have applied this rule to:

- depositions, *see TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918–19 (Tex.1991);

- interrogatories, *see Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 846, 850 (Tex.1992);

- requests for production, *see id.* at 849–50; *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729–30 (Tex.1993); and

- requests for disclosure, *see Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex.2003) (per curiam).

When requests for admissions are used as intended—addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents—deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly*, 927 S.W.2d at 622 (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise. *See TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917–18.

Of the sixty-four admissions deemed here, none sought to discover information: nine deemed circumstances changed so modification was proper, twenty-five deemed modification in the child's best interest, twenty-seven deemed Sandra liable for malicious prosecution, and three deemed her liable for child support, attorney's fees, and exemplary damages.

This record contains no evidence of flagrant bad faith or callous disregard for the

2. The rule governing admissions includes as part of the undue-prejudice inquiry that the "presentation of the merits [must] be subserved" by permitting withdrawal. Tex.R. Civ. P. 198.3(b). The two are different sides of the same coin, as presentation of the merits will suffer (1) if the requesting party *cannot* prepare for trial, and also (2) if the requestor *can* prepare but the case is decided on deemed (but perhaps untrue) facts anyway.

rules, nothing to justify a presumption that Sandra's case lacks merit, and nothing to suggest Darrin was unable to prepare for trial without the admissions. *See id.* at 918; *cf. Cire v. Cummings,* 134 S.W.3d 835, 843 (Tex.2004) (affirming dismissal based on destruction of tapes at heart of case). Further, Sandra offered to pay for any expenses Darrin incurred because her responses were late. *See* Tex.R. Civ. P. 215.4. We hold under the facts presented here that the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the summary judgment was solely because Sandra's responses were two days late. *See Spohn Hosp.,* 104 S.W.3d at 883 (holding late production of witness statements insufficient to justify deeming facts on merits).

We certainly agree that pro se litigants are not exempt from the rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978). Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel. But when a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer. Recognizing that Sandra did not know what any lawyer would does not create a separate rule, but recognizes the differences the rule itself contains.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment, and remand to the trial court for further proceedings consistent with this opinion. Tex.R.App. P. 59.1.