**Ross BOULET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00336–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

Dan L. Cogdell, Robert A. Swofford, Houston, TX, for Appellant.

Alan Curry, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.—Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Ross Boulet, challenges the trial court's rendition of summary judgment in favor of appellee, the State of Texas, in a civil forfeiture action resulting in the seizure of his 2003 Chevrolet pickup truck. In two issues, appellant contends that the trial court erred in not permitting him to withdraw deemed admissions and in granting the State's summary judgment motion.

We reverse and remand.

### Factual and Procedural Background

On August 27, 2004, the State filed a notice of seizure and intended forfeiture with respect to appellant's pickup truck. The State alleged that the truck was "contraband" under the Texas Code of Criminal Procedure and subject to forfeiture.[1]

In support of its notice of seizure, the State attached a sworn affidavit by Greg Bartlett, a sergeant with the Bellaire Police Department. Bartlett stated that on August 6, 2004, Bellaire Police Officer T. Fibich attempted to stop appellant, who was driving the truck, for exceeding the posted speed limit. Bartlett explained that appellant "ignored Bellaire officers in fully marked police patrol units with audible sirens, and exterior emergency lights in operation" and "traveled several blocks and stopped on the street in front of his home." Bartlett arrested appellant for the felony offense of evading arrest[2] and seized appellant's truck. In the notice of seizure, Bartlett stated that he believed the truck "constitut[ed] the proceeds of a

---

1. *See* Tex.Code Crim Proc. Ann. art. 59.03 (Vernon Supp.2005).

2. Tex. Pen.Code Ann. § 38.04(b)(1) (Vernon 2003).

felony offense and [was] contraband as defined by Chapter 59 of the Code of Criminal Procedure." [3]

Appellant filed his original answer on October 15, 2004, entering a general denial to the matters pleaded by the State. A trial setting was entered for April 18, 2005. On December 17, the State served appellant with requests for admissions. The requests were signed for and received at the office of appellant's attorney on December 20, 2004. On January 20, 2005, at 6:24 p.m., appellant hand-delivered to the State his responses to the State's requests.

On February 16, 2005, the State filed a summary judgment motion asserting that appellant's responses to the requests for admissions were not timely filed. The State argued that it was entitled to summary judgment because the late-filed responses were deemed admitted by operation of law against appellant and there was no longer any genuine issue of material fact.[4] Appellant filed a motion to strike, amend, or withdraw deemed admissions and a response to the State's summary judgment motion.

On March 21, 2005, the trial court held a hearing on the State's summary judgment motion at which appellant argued that the deemed admissions should be allowed to be withdrawn because "the uncontroverted facts established good cause" for his untimely response to the State's requests for admissions and the State "could not have been prejudiced by [the late filing]." At the hearing, appellant produced affidavits from Dan Cogdell, James Ardoin, Rosi Nunez, and Robert Swofford.

Cogdell, an attorney, testified that his law office received a copy of the State's summary judgment motion on February 17, 2005. Although the deemed admissions formed the basis for the State's motion, Cogdell explained that this was the first notice he had that the answers to the State's requests for admissions were not served in a timely manner.

Ardoin, a newly licensed attorney working at Cogdell's office, testified that on December 20, 2004, he signed the return receipt card for the certified mail containing the State's requests for admissions and other discovery requests. Ardoin then placed the mail on the desk of Nunez, Cogdell's secretary.

Nunez testified that it was not until the next day, December 21, that she found the mail at her desk. Nunez stamped the mail and the State's cover letter as being received that day. As a result of this date stamp, Swofford, the attorney responsible for discovery, erroneously calendared the discovery as due on January 20, 2005.

Swofford testified that on January 20, 2005, he personally hand-delivered the responses to the requests for admissions to the State. Swofford explained that "the file stamped copy" showed that the delivery was made "at 6:24 [p.m.]"

Throughout the hearing, the trial court indicated that it felt constrained in its discretion. Initially, after appellant's counsel presented the affidavits and explained the error in calendaring, the trial court commented, "[b]ut the problem is that the Rule [regarding deemed admissions] is

**3.** *See* TEX.CODE CRIM. PROC. ANN. art. 59.01(2)(A)(ii) (Vernon Supp.2005) (defining "contraband" as property used in commission of offense under section 38.04 of Texas Penal Code).

**4.** The State contended that, by virtue of the untimely responses to its requests for admis-

sions, appellant admitted that the truck that was seized on or about August 6, 2004 was "derived, in whole or in part, from the commission of a felony offense," was "intended to further the commission of a felony offense," and was "not obtained through any lawful means."

pretty much set in concrete." The trial court explained that it believed the Texas Supreme Court had "backed off some ... language about lawyers just missing the date, because it was [sic] calendered right" and stated:

> [T]he reality is, I can probably set aside the deemed admissions and not abuse my discretion. Then I'm at the point, who am I mistreating and why am I mistreating them. The plaintiff is entitled to rely on the Rules of Pretrial Discovery. I mistreat them when I set aside deemed Admissions *without what now is considered by the Supreme Court to be good cause. I want to—miss [sic] calendering, what I understand the Supreme Court now says is not good cause.*

The trial court asked appellant's counsel to present another ground to withdraw the admissions "other than an error in calendaring." Appellant's then stated that he had believed that the State was not going to proceed with the forfeiture because the underlying criminal charge for the offense of felony evading arrest had been reduced by the State and appellant had pleaded guilty to a misdemeanor. Ultimately, the trial court ruled, "I have no choice, but to deny your Motion."

After the trial court denied appellant's motion to withdraw the deemed admissions, appellant argued that summary judgment was still improper as the State had moved to reduce the charge to a misdemeanor and a fact issue existed as to whether the conduct of appellant was such that the truck would be subject to forfeiture. The State countered that through the deemed admissions, "we have established the elements that we're required to prove." Ultimately, the trial court stated that appellant could not contradict the deemed admissions and granted summary judgment in favor of the State.

## Deemed Admissions

■ Appellant argues that the trial court abused its discretion in denying his motion to withdraw the deemed admissions as he missed the deadline for responding to the requests for admissions because of a calendaring error.

■ Once an action is filed, a party can serve written requests for admissions. Tex.R. Civ. P. 198.1. When a party does not serve responses to requests for admissions within thirty days, the matters in the requests are deemed admitted against that party. Tex.R. Civ. P. 198.2; *Wal–Mart Stores, Inc., v. Deggs,* 968 S.W.2d 354, 355 (Tex.1998). Any matter admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Tex.R. Civ. P. 198.3; *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989). Withdrawal or amendment of an admission is permitted on a showing of good cause and a finding by the trial court that (1) the party relying on the deemed admission will not be unduly prejudiced, and (2) presentation of the merits of the action will be served thereby. Tex.R. Civ. P. 198.3; *Deggs,* 968 S.W.2d at 356. "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green,* 157 S.W.3d 439, 442 (Tex.2005). "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." *Spiecker v. Petroff,* 971 S.W.2d 536, 538 (Tex.App.-Dallas 1997, no writ); *N. River Ins. Co. of N.J. v. Greene,* 824 S.W.2d 697, 700 (Tex.App.-El Paso 1992, writ denied). The party seeking withdrawal of deemed admissions has the burden to establish good cause. *Webb v. Ray,* 944 S.W.2d 458, 461 (Tex.App.-Houston [14th Dist.] 1997, no writ). "Undue prejudice depends on whether withdrawing an admission or filing a late response will

delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443. Furthermore, the supreme court has explained that "presentation of the merits will suffer (1) if the requesting party *cannot* prepare for trial, and also (2) if the requestor *can* prepare but the case is decided on deemed (but perhaps untrue) facts anyway." *Id.* at 443 n. 2.

■ An appellate court will not set aside a trial court's ruling to permit or deny the withdrawal of deemed admissions unless it finds an abuse of discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996). Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Wheeler*, 157 S.W.3d at 444. With respect to discovery violations, the supreme court has made clear that "absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." *Id.*

In this case, it appears that the trial court assumed that a calendaring error would not constitute "good cause" under recent precedent. But, as previously noted, good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Wheeler*, 157 S.W.3d at 442 (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687–88 (Tex.2002)). While the *Wheeler* court did recognize that, in some circumstances, a higher standard to show good cause might apply for attorneys as opposed to pro se parties,[5] this particular discussion involved knowledge of the rules of procedure, and not the specific type of

error committed. *See id.* at 444. The court explained that the rule "turns on an actor's state of mind." *Id.* Despite the trial court's statements regarding mis-calendaring, a showing of clerical error has been held sufficient to establish good cause for a failure to timely respond to a request for admission, even if a party is negligent, as long as the party's negligence does not rise to the level of conscious indifference. *N. River Ins. Co. of N.J.*, 824 S.W.2d at 700; *see also Spiecker*, 971 S.W.2d 536, 540–42; *Burden v. John Watson Landscape Illumination, Inc.*, 896 S.W.2d 253, 255–56 (Tex.App.-Eastland 1995, writ denied).

Here, the record reflects that appellant presented evidence at the motion to withdraw hearing that a mistake or accident in his attorney's office caused his responses to the State's requests for admissions to be calendared as due one day after the actual deadline. Furthermore, his attorney's personal hand-delivery of the responses on the day of the perceived deadline demonstrates that the failure to timely respond was not intentional or the result of conscious indifference.

The State made no suggestion in the trial court and makes none in their briefing on appeal as to how it might be prejudiced in any way by the withdrawal of the deemed admissions. The responses in question were hand-delivered to the State within two days of the discovery deadline and three months before the first trial setting. At least by virtue of appellant's general denial in his original answer, the State had already been put on notice that appellant disputed the forfeiture of his truck under Chapter 59. "The mere fact that a trial on the merits is necessary does

---

5. In *Wheeler,* the pro se party was unaware of the correct application of the mailbox rule and the nature of a summary judgment hearing. The court noted "if the same elementary

mistakes had been made by a lawyer, such a conclusion [of intent or conscious indifference] might well be warranted." 157 S.W.3d at 442 n. 1.

not constitute undue prejudice." *City of Houston v. Riner,* 896 S.W.2d 317, 320 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

We note that the primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy. *Peralta v. Durham,* 133 S.W.3d 339, 341 (Tex. App.-Dallas 2004, no pet.); *see also Stelly,* 927 S.W.2d at 622. The rule regarding requests for admissions does not contemplate or authorize admissions to questions involving points of law. *Gore v. Cunningham,* 297 S.W.2d 287, 291 (Tex.Civ.App.-Beaumont 1956, writ ref'd n.r.e.); *see also White v. Watkins,* 385 S.W.2d 267, 269 (Tex.Civ.App.-Waco 1964, no writ) ("[C]onclusions, opinions, and statements of subjective intent ... should not be deemed admitted facts."). Furthermore, this Court has previously held that responses to requests for admissions merely constituting admissions of law are not binding on the court and a party is not precluded from proving a fact necessary to its cause or defense. *Am. Title Co. v. Smith,* 445 S.W.2d 807, 809–10 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ); *see also Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,* 844 S.W.2d 857, 858–59 (Tex.App.-Texarkana 1992, writ denied) ("A deemed admission of a purely legal issue is of no effect.").

Here, the admissions relied upon by the State in its summary judgment motion embrace the fundamental legal issues to be tried in the forfeiture procedure, namely, whether appellant's truck was "intended to further the commission of a felony offense," whether the truck "was contraband," and whether the truck was "acquired through unlawful means." When a party uses deemed admissions to try to preclude presentation of the merits, constitutional due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917–918 (Tex. 1991). Thus, the rule regarding deemed admissions "should not be so construed as to give one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence." *Gordon v. Williams,* 164 S.W.2d 867, 868 (Tex.Civ.App.-Beaumont 1942, no writ).

We re-emphasize the supreme court's recent statement on discovery violations that "for all ... forms of discovery, absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." *Wheeler,* 157 S.W.3d at 444. This is the case where, "without injustice to either party, the case can be opened for a full hearing on the evidence." *Gordon,* 164 S.W.2d at 868. Appellant showed good cause for the withdrawal of the deemed admissions, the State will not suffer undue prejudice, and the presentation of the merits will be served by their withdrawal.

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). "Therefore, a failure by the trial court to analyze or apply the law correctly ... constitutes an abuse of discretion." *Gonzalez v. Reliant Energy, Inc.,* 159 S.W.3d 615, 624 (Tex.2005) (citing *In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003)).

Accordingly, we hold that the trial court abused its discretion in denying appellant's motion to withdraw the deemed admissions.

We sustain appellant's first point of error.

## Summary Judgment

In his second point of error, appellant contends that the trial court erred in

granting the State's summary judgment motion based on the deemed admissions. Having held that the trial court abused its discretion in denying appellant's motion to withdraw the deemed admissions, we further hold that the trial court erred in granting the State's summary judgment motion.

We sustain appellant's second point of error.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.