Opinion issued
June 23, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00611-CV

———————————

Tyra P. Williams, Appellant

V.

Fort Bend
Independent School District,
Appellee



 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas



Trial Court Case No. 08DCV164954

 



 

 

MEMORANDUM
OPINION

 

          Tyra
P. Williams appeals the trial court’s rendition of summary judgment in favor of
Fort Bend Independent School District. 
Williams filed suit alleging racial discrimination in violation of the
Texas Commission on Human Rights Act.[1]  The District filed a combined traditional and
no-evidence motion for summary judgment. 
Williams did not file a response. 
After denying Williams’s motion for leave to file a late response and to
continue the summary judgment hearing for one week, the trial court granted the
District’s motion.  On appeal, Williams
asserts that the trial court abused its discretion by denying her motion for
leave to file a late response and to continue the hearing by seven days and that
summary judgment was improper because the summary judgment evidence raises fact
issues on her claims.  We conclude that
the trial court abused its discretion in denying Williams’s motion for leave to
file a late response.  We therefore reverse
and remand this cause.

Procedural Background

          Williams
filed this suit alleging the District had engaged in racially discriminatory
employment practices and retaliated against her for reporting alleged racial
discrimination.  The District answered,
generally denying Williams’s claims and pleading affirmative defenses.  

          In
May 2010, the District filed a motion for summary judgment.  The motion contained both traditional grounds
and no-evidence grounds attacking Williams’s discrimination and retaliation
claims.  The hearing on the motion was
set for Friday, June 18, 2010. 
Accordingly, Williams’s response was due by June 11.[2]  On June 16, Williams’s counsel realized the
summary judgment motion was set for a hearing on June 18.  The next day, she filed a motion for leave to
file a late summary judgment response and for continuance, requesting that the
hearing be continued until the following Friday, June 25, and allowing her to
file a summary judgment response on Monday, June 21.   

          On
June 18, the trial court heard the motion for leave to file a late response and
continuance.  After questioning
Williams’s counsel concerning the circumstances of the missed June 11 deadline
and hearing argument from both sides, the trial court denied the motion.  The trial court proceeded to hear the motion
for summary judgment and rendered judgment in favor of the District.

Late-filed Response to
Motion for Summary Judgment

          In her first
issue, Williams contends that the trial court erred by denying her motion for
leave to file a late response to the District’s motion for summary
judgment.  We review for an abuse of
discretion a trial court’s ruling on a motion for leave to file a late response
to a motion for summary judgment.  Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 686 (Tex. 2002).  A trial
court abuses its discretion when it acts without reference to any guiding rules
or principles.  Id. at 687.  

          A late
summary judgment response should be allowed upon a showing of good cause and no
undue prejudice to the opposing party.   Id. at 688.    This is the same standard used for allowing
a party to withdraw deemed admissions.  Wheeler v. Green, 157 S.W.3d 439, 442
(Tex. 2005).  “Good cause” means the failure
to timely file a summary judgment response was due to an accident or mistake
and was not intentional or the result of conscious indifference.  Id.  Conscious indifference is more than
negligence; it involves behavior such as a “pattern of ignoring deadlines and
warnings from the opposing party.”  Levine v. Shackleford, Melton & McKinley,
L.L.P., 248 S.W.3d 166, 168–69 (Tex. 2008). 
Under the good cause standard applicable to these types of cases, “[e]ven
a slight excuse will suffice, especially when delay or prejudice to the
opposing party will not result.”  Boulet v. State, 189 S.W.3d 833, 836
(Tex. App.—Houston [1st Dist.] 2006, no pet.) 
(quoting Spiecker v. Petroff,
971 S.W.2d 536, 538 (Tex. App.—Dallas 1997, no pet.)).  

          Williams’s
counsel explained that she miscalendared the date that the response was
due.  The District counters that a “bare
assertion” that an attorney miscalendared the response date is insufficient to
show good cause.  See Carpenter, 98 S.W.3d at 686. 
Carpenter, however, is distinguishable.  First, the counsel in that case did not file
an affidavit supporting the explanation of good cause.  Id.  Thus, the only support for the motion for
leave was the unsupported, or bare, assertion in the motion.  Id.  Williams’s counsel did file an affidavit with
the motion for leave.  In addition, the
trial court closely questioned Williams’s counsel at the hearing on the motion
to file a late response.  Williams’s
counsel explained that when she received the motion on June 2, she
miscalendared the response date and immediately drafted and sent a letter to her
client, Williams, which contained the erroneous response date.[3]  We conclude Williams has shown good cause for
filing a late response.  See Boulet, 189 S.W.3d at 838 (holding
attorney’s mistake in calendaring response date for requests for admission by
using date requests were delivered to her desk and not date they were delivered
to office constituted good cause); Galindo
v. Imperial Group, L.P., No. 2-04-040-CV, 2005 WL 1244691, at *3 (Tex.
App.—Fort Worth May 26, 2005, no pet.) (finding trial court abused its
discretion in refusing to allow late-filed summary judgment response when
attorney stated that he received notice but mistakenly did not calendar it).   

          Undue
prejudice depends on whether allowing “a late response will delay trial or
significantly hamper the opposing party’s ability to prepare for it.”  Wheeler,
157 S.W.3d at 443.  In this case, the
hearing was held on Friday, June 18. 
Williams asked for the deadline to file a response to be moved to
Monday, June 21 and the hearing to be postponed for one week until June 25.  Williams’s counsel explained that no trial
setting existed and, therefore, a one week delay would not prejudice the
District.  The District did not argue or
produce evidence before the trial court and does not argue on appeal that it
would suffer undue prejudice from a one week delay—either by a delay in the
trial or being hampered in its ability to prepare for trial.  We conclude that, based on the record in this
case, the District would not be harmed by a one week delay in hearing its
motion for summary judgment.  See Galindo, 2005 WL 1244691, at *3 (no
undue prejudice shown when party sought only two days to file late response and
no trial date had been set).

          Accordingly,
we hold that the trial court abused its discretion in denying Williams’s motion
to file a late summary judgment response. See
id.; see also Boulet, 189 S.W.3d at
838 (holding trial court abused discretion in denying withdrawal of deemed
admissions because appellant had established accident or mistake in failing to
respond and no undue prejudice was shown); City
of Houston v. Riner, 896 S.W.2d 317, 320 (Tex. App.—Houston [1st
Dist.] 1995, writ denied) (same). 

          We sustain
Williams’s first issue.  Because we
sustain this issue, we do not address her second issue, which presents an alternative reason to reverse
the trial court.  See Tex. R. App.
P. 47.1.

Conclusion

          We reverse
the judgment of the trial court and remand this cause for further proceedings.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Sharp and Brown.











[1]           Tex. Lab. Code Ann. §§ 21.001–.556 (West 2006 &
Supp. 2010).





[2]           See
Tex.
R. Civ. P. 166a(c).





[3]           In the letter, Williams’s counsel also
stated that Williams, the client, had to pay an outstanding balance due for
attorney’s fees before counsel would file a response.  The District argues that this establishes
counsel’s intent to not file a response. 
However, at the hearing Williams’s counsel showed the District and the
trial court correspondence to Williams just days later indicating she would
file a response whether payment was received or not.  Counsel also explained that she would not intentionally
fail to file something on behalf of a client over a late payment.  Other than the single sentence in the June 2
letter itself, this explanation is not controverted.