**Opinion issued January 28, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00010-CV

———————————

**DEBOLA GEORGE AND GIFTED KIDS CHILD CARE AND LEARNING CENTER, INC., Appellants**

**V.**

**COLONY BUILDERS, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 12-CCV-047454**

---

## MEMORANDUM OPINION

Appellee, Colony Builders, Inc. ("Colony Builders"), sued appellants,

Debola George and Gifted Kids Child Care and Learning Center, Inc. (collectively,

"George"), for breach of contract arising out a construction agreement. At trial,

Colony Builders sought to enter deemed admissions into evidence. George objected but did not file a written objection or motion to withdraw the deemed admissions. The trial court overruled George's objection, allowed the trial to proceed, and then entered judgment in favor of Colony Builders, awarding it $27,204 on its breach of contract claim and $10,000 in attorney's fees. In her sole issue on appeal, George argues that the trial court erred in considering the deemed admissions over her objection because she presented evidence at trial contradicting the deemed admissions to which Colony Builders did not object. George also argues that Colony Builders waived the ability to rely on the deemed admissions.

We affirm.

### Background

On September 12, 2011, George entered into a construction agreement with Colony Builders to build out a property that she intended to use to operate a daycare business ("Construction Agreement"). The Construction Agreement provided the specifications for the daycare build-out project ("the Project"). It provided that George would pay $30,000 up front, "6 payments of $3,850 including [a] $1,100 Finance Charge," and $20,000 "upon Rough In Inspection."

George paid the $30,000 down payment, and Colony Builders began work on the Project and completed many of the specified tasks, including procuring drawings and permits, completing the "rough in" for plumbing and electrical

2

fixtures, and roughing in classrooms, the kitchen, and an office. When Colony Builders sought further payment under the terms of the contract, George refused to pay, stating that the building was taking too long.[1] She eventually locked Colony Builders out of the Project and hired another contractor to finish the build-out for the daycare.

On March 5, 2012, Colony Builders sued George for suit on an open account and breach of contract, alleging that it provided goods and services under the Construction Agreement, that George accepted the goods and services and became bound to pay, and that she defaulted on that obligation and breached the agreement by failing to pay. Colony Builders also sought attorney's fees. With its original petition, Colony Builders served several requests for admissions on George.

George answered with a general denial. She did not file responses to the requests for admission.

Colony Builders moved for summary judgment on its claims. It argued that the affidavit of Ali Zare, Colony Builders' representative, and its accompanying

---

[1] George testified at trial that she told Colony Builders that time was of the essence in the project and that she wanted the daycare to be ready to open by a certain date. Ali Zare, Colony Builders' representative, testified that he was not aware of these facts, and the Construction Agreement is silent both on the question of whether time was of the essence and on any specific deadline for completion of the Project.

exhibits,[2] along with the admissions deemed against George, established that Colony Builders "provided labor and materials pursuant to its agreement with [George], and that [George] [has] failed and refused to pay for those services per their agreement." It further argued that Zare's affidavit and the deemed admissions "establish that value of those services provided for which [Colony Builders] has not been paid is $27,204.00."

George responded to the motion for summary judgment in writing, arguing in part that the deemed admissions had "since been answered." George filed her own affidavit contradicting some of the facts raised in Colony Builders' motion. However, the record does not include the answers to the requests for admissions. Nor did George file a written motion to withdraw the deemed admissions. The trial court denied Colony Builders' motion for summary judgment, and the case proceeded to trial. The record does not contain a transcript of the hearing on the motion for summary judgment.

At the bench trial, Colony Builders offered, as its first exhibit, a copy of its requests for admissions and argued that the trial court should consider the admissions deemed against George. Colony Builders argued that the requests for admissions had been properly served on George on March 5, 2012, and that she did

---

[2]   The exhibits included receipts and other records demonstrating Colony Builders' expenses for the Project, including materials used and expenses for subcontractors and other workmen.

4

not respond.  Colony Builders offered into evidence the following relevant deemed admissions: that Colony Builders sold George "goods, wares, merchandise or services" as described in the Construction Agreement; that George "accepted goods, wares, merchandise or services" under the Construction Agreement; that the prices Colony Builders charged for the goods and services it provided to George were the prices agreed to by George and were the usual and customary prices for those services at the time they were delivered in the county where they were delivered; that the principal amount due to Colony Builders from George for the goods or services provided under the Construction Agreement was $27,204 after applying any credits to which George was entitled; that Colony Builders had presented a request for payment according to the terms of the Construction Agreement but George had refused to pay; that the "goods, wares, merchandise or services received by [George] from [Colony Builders] conformed to all representations and warranties made"; and that George "never rejected, disputed or returned" the goods or services provided by Colony Builders.

George objected to admission of her deemed admissions, arguing that she had responded to the deemed admissions prior to trial on July 5, 2012.  However, those responses are not included in the record on appeal.  George also acknowledged that she never moved for the deemed admissions to be withdrawn, but she asked the court for leave "to make an oral motion to strike based on the fact

5

if you look at the totality of the cases [George] has a reasonable defense to [Colony Builders'] claims. . . ."

The trial court overruled George's objection and allowed Colony Builders to present evidence of the admissions deemed to have been made by George.[3]

Both parties presented testimony regarding the extent and nature of the work performed on the Project. Ali Zare, Colony Builders' representative, testified that Colony Builders performed work on the Project in accordance with the Construction Agreement until George locked the contractors out of the property and terminated the Construction Agreement. Zare provided specific testimony regarding the exact work completed by Colony Builders, its expenses related to the Project, its overhead expenses, and its usual profit margin. George testified that the work completed by Colony Builders, which she testified included permitting,

---

[3]     George argues in her brief on appeal that the trial court's statement at the time it provided its ruling on this issue "indicat[ed] it was exercising its broad discretion in granting [George] leave to withdraw its deemed admissions." After allowing Colony Builders to present its requests for admissions, the trial court stated,

> After having looked at the law there is a scintilla of my ability to allow you to go forward with your case in chief because with these deemed admissions, your case is almost sunk. So, you have some things that you're going to have to prove up in your case in chief.

Contrary to George's interpretation, this statement of the trial court does not indicate that it granted George leave to withdraw its deemed admissions. The trial court permitted George the opportunity to proceed to trial in spite of the deemed admissions and allowed her to attempt to prove whatever aspects of her case she could. It stated that it relied on both the deemed admissions and the evidence presented at trial in finding George liable to Colony Builders.

demolition work, and building out of various interior spaces, was not performed in a timely manner and that she terminated the Construction Agreement after paying only the initial $30,000 down payment required by the contract. She testified that she hired another contractor to complete the build-out of the daycare.

The trial court rendered judgment in favor of Colony Builders, ordering George to pay $27,204 plus $10,000 in attorney's fees. George requested findings of fact and conclusions of law, which the trial court filed. This appeal followed.

## Deemed Admissions

In her sole issue on appeal, George argues that the trial court erred in considering the admissions deemed against her.

Once an action is filed, a party may serve written requests for admissions. TEX. R. CIV. P. 198.1; *Boulet v. State*, 189 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2006, no pet.). These requests can encompass "any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact . . . ." TEX. R. CIV. P. 198.1; *see also Maswoswe v. Nelson*, 327 S.W.3d 889, 896–97 (Tex. App.—Beaumont 2010, no pet.) ("[A] party may ask another party to admit or deny issues of fact relevant to the pending action or to apply the law to relevant issues of fact . . . ."). The Rules of Civil Procedure require that a responding party must serve a written response to a request for admissions on the requesting party "within 30 days after service of the request,

7

except that a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request." TEX. R. CIV. P. 198.2(a). If the opposing party does not serve its responses to the admissions requests within that time period, the matters in the requests are deemed admitted against that party without the necessity of a court order. TEX. R. CIV. P. 198.2(c); *see Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998) (per curiam). Any matter admitted or deemed admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. TEX. R. CIV. P. 198.3; *Boulet*, 189 S.W.3d at 836 (citing *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989)).

Withdrawal of deemed admissions is permitted upon a showing of good cause and a finding by the trial court that (1) the party relying upon the deemed admissions will not be unduly prejudiced and (2) presentation of the merits of the action will be served. TEX. R. CIV. P. 198.3; *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) (holding that standard for withdrawal of deemed admissions—good cause and no undue prejudice—is same as standard for allowing late summary judgment response) (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687–88 (Tex. 2002)). Good cause is established by demonstrating that the failure involved was either an accident or mistake, not intentional or the result of conscious indifference. *Wheeler*, 157 S.W.3d at 442;

8

*Boulet*, 189 S.W.3d at 836. The party seeking withdrawal of the deemed admissions has the burden to establish good cause. *Boulet*, 189 S.W.3d at 836 (citing *Webb v. Ray*, 944 S.W.2d 458, 461 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

Here, the record demonstrates that Colony Builders served George with requests for admissions on March 5, 2012. The record does not contain any written responses by George to these admission requests. George argued at trial that she had filed responses to the requests for admission on July 5, 2012, approximately 120 days after the requests for admissions were served. George did not respond to the requests within fifty days, nor does the record support her argument that she filed any written responses to the admission requests at all. Thus, the matters in the requests were deemed admitted against her without the necessity of a court order. *See* Tex. R. Civ. P. 198.2(c); *Deggs*, 968 S.W.2d at 355. Under Rule 198.3, those matters were "conclusively established unless the court, on motion, permit[ed] withdrawal or amendment of the admission." *See Boulet*, 189 S.W.3d at 836; *see also* Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission.").

To establish her entitlement to withdraw the deemed admissions, George had to establish, among other factors, that she had good cause for her failure to timely

9

respond to the requests for admissions. *See* TEX. R. CIV. P. 198.3; *Wheeler*, 157 S.W.3d at 442; *Boulet*, 189 S.W.3d at 836. George never filed a motion to withdraw the deemed admissions. At trial, she asked for leave of the trial court to submit an oral motion to withdraw the deemed admissions. However, George never presented any argument or evidence, either in the trial court or on appeal, to establish good cause for her failure to file a timely response to the requests for admissions. Because she did not present any evidence regarding why her responses were late, she has not established that she was entitled to withdrawal of the admissions deemed against her. *See Wheeler*, 157 S.W.3d at 442 (holding that good cause is established by demonstrating that failure involved was result of accident or mistake, not intentional or result of conscious indifference); *Boulet*, 189 S.W.3d at 836 (holding that party seeking withdrawal of deemed admissions bears burden to establish good cause to allow withdrawal). Therefore, we conclude that the trial court did not err in considering the admissions deemed against George on the basis of Rule 198.3.

George also argues that the trial court erred in relying on the deemed admissions in ruling in Colony Builders' favor because she "put on testimony that was contradictory to the request for admissions and [Colony Builders] did not object," and thus Colony Builders waived its ability to rely on the deemed admissions. *See Marshall*, 767 S.W.2d at 700 ("We hold that a party waives the

10

right to rely upon an opponent's deemed admissions unless objection is made to the introduction of evidence contrary to those admissions."); *USAA Cnty. Mut. Ins. Co. v. Cook*, 241 S.W.3d 93, 102 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that defendant waived reliance on plaintiff's judicial admissions when defendant failed to object to plaintiff's repeated testimony controverting prior admissions).

However, as Colony Builders points out in its brief on appeal, the portions of the record that George relies on to demonstrate evidence contradicting the deemed admissions simply does not support her contentions. For example, George argues that "she was asked several questions that contradicted" Colony Builders' request for admission asking her to admit or deny that she "received the goods, wares, merchandise, or services [that were the] subject of this lawsuit. . . ." She cites the following exchange between herself and her trial attorney:

> [Attorney]: Okay. Before you wrote them to try to get out of the contract, did you try to get them to do what they promised?
>
> [George]: Yes. That was in December. That was when I wrote them. When they haven't obtained a permit in December and I knew my time was running out and the bank, everybody was after me, so I wrote them that if they do not finish the project by January 5th that I was going to get out of the contract and I was going to hire somebody else to do the job.

George went on to testify that someone else completed the work on the build-out. However, she never testified that Colony Builders did not complete any work at all. In fact, she testified regarding specific work that Colony Builders did under the Construction Agreement before she terminated it. Thus, George's testimony is not evidence contradicting the deemed admission that George received goods and services under the Construction Agreement as alleged by Colony Builders in its petition, and Colony Builders did not have an obligation to object to this testimony to preserve its right to continue to rely on her deemed admission on this issue.

George's other arguments on this issue are similarly unpersuasive. George testified that Colony Builders' performance was untimely in spite of her informing it that time was of the essence and that it had not completed the job by February, when she locked it out of the property. She testified that Colony Builders failed to perform certain work, such as obtaining specific permits, as required by the Construction Agreement and that it did not complete performance of the Construction Agreement. And she testified that she spent about $70,000 "or more" to complete the Project and "lost a lot of money." However, she also acknowledged that she only paid Colony Builders the original down payment of $30,000 and that Colony Builders did complete some work under the contract:

> What they did was they did the permitting, and they did the demo which was number two, and they did the build-out of the classrooms, the offices, the kitchen, the frame, the sheetrock, and the taping; and

that was where they stopped. And they moved the transformer from the inside to the outside, and that was all they did.

In fact, the evidence presented at trial supported the deemed admissions and the trial court's judgment in favor of Colony Builders.[4] Ali Zare described similar work in testifying regarding what "rough-in completion" involved and in detailing what goods and services Colony Builders provided to George under the Construction Agreement. He testified that the "rough-in stage" meant providing "ground plumbing, the studs, rough [in] to the wall for the electrical, plumbing, and any air conditioning." He testified that Colony Builders provided this work "and more" for George, including procuring drawings and necessary permits and additional work on the build-out.

George did not testify at any point that she did not accept the goods and services that both she and Zare testified Colony Builders provided. George did not dispute Colony Builders' representation, both in its requests for admission and in the evidence presented at trial, that George owed $27,204 for the work that Colony Builders provided. Zare testified regarding Colony Builders' expenses relating to the Project and its overhead costs and usual profit margin, and he testified that the calculation of the amount due included a credit for George's initial payment of $30,000. The amount sought by Colony Builders was not the total amount that

---

[4]     We note that George does not challenge the sufficiency of the evidence to support the trial court's findings of fact and conclusions of law in this case.

13

would have been due upon completion of the Project; rather, it sought the amount due for work that it actually performed, minus the $30,000 George had already paid.

Thus, we conclude that Colony Builders did not waive its right to rely upon the deemed admissions by failing to object to George's testimony because her testimony did not contradict the deemed admissions.

We overrule George's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.