**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00223-CV

## IN RE KATHERINE MILLIKEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-68872**

---

## MEMORANDUM OPINION

On March 16, 2015, relator Katherine Milliken filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to vacate her order granting the release of funds deposited in the court's registry. We deny relator's petition for writ of mandamus.

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The most important of these rules is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)). Specifically, relator is obligated to furnish a record containing a certified or sworn copy of every document filed in the underlying proceeding that is material to relator's claims for relief. Tex. R. App. P. 52.7(a)(1). Relator is also obligated to provide "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2).

Relator has failed to provide this Court with material documents supporting her claims for relief. Moreover, relator has not provided this Court with a record of the testimony from the hearing held on March 13, 2015. Relator's status as a *pro se* party does not exempt her from complying with the applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Accordingly, relator has not satisfied her obligation to provide this Court with a complete and adequate record sufficient to establish her entitlement to relief.

Moreover, relator has failed to adequately brief her complaints. *See* Tex. R. App. P. 38.1(i) (providing that a brief "must contain a clear and concise argument

for the contentions made, with appropriate citations to authorities and to the record"). Relator cites a single case for a general proposition, and provides no citations to authorities or to the record in support of her specific issues presented.

For the reasons discussed, relator has not established that she is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.