**Petition for Writ of Mandamus Conditionally Granted and Opinion filed August 27, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00536-CV

---

## IN RE ASHTON LEE CAGLE, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
113th District Court
Harris County, Texas
Trial Court Cause No. 2018-82202**

---

## OPINION

On July 9, 2019, relator Ashton Lee Cagle ("Relator") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2018); *see also* Tex. R. App. P. 52. In the petition, Relator asks this court to compel the Honorable Rabeea Sultan Collier, presiding judge of the 113th District Court of Harris County, to: (1) vacate her orders denying Relator's requests to withdraw

certain deemed admissions and (2) permit Relator to withdraw deemed admissions numbers 1-5, 7-15, 17-18, 20, 22-36, 41, and 43. Because the trial court abused its discretion by denying Relator's requests to withdraw these admissions, we conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Cristian Pioquinto ("Plaintiff") alleges she was injured in an automobile accident with Relator. Plaintiff filed suit against Relator for negligence and against Lisa Cagle (Relator's mother) for negligent entrustment of the vehicle.

Relator was served with Plaintiff's original petition and citation on December 8, 2018. The petition was accompanied by requests for disclosure, interrogatories, requests for production, and forty-four (44) requests for admission. The responses to the requests for admission were due within fifty (50) days (January 28, 2019).

Relator, through counsel retained by his insurer, untimely served responses denying most of the requests for admission on March 25, 2019. Because Relator's response was not timely served, the requests were considered admitted without the necessity of a court order. Tex. R. Civ. P. 198.2(c).

Relator filed a motion to withdraw deemed admissions, which the trial court denied by written order on May 8, 2019.

Relator then filed a motion to reconsider, supported by the affidavits of Relator and his legal counsel, Nichole Wooten. Relator's affidavit states:

> On December 8, 2018, I was served with a copy of Plaintiff's Original Petition, Plaintiff's Request for Disclosure, Plaintiff's First Request for

2

Production, Plaintiff's First Set of Interrogatories, and Plaintiff's First Request for Admissions. At the time I was served with the lawsuit, I was 18 years old and unfamiliar with the civil litigation process. Additionally, I was unaware of the time deadlines associated with the documents I received or how it would affect my case going forward. During this time period, I was living with my brother Ein Cagle because my mother had recently passed away. Because I was unsure about what to do, I spoke with my grandfather Rusty Spencer. My grandfather advised me that he would take care of the legal documents that I received. After speaking with my grandfather, I took no further actions.

In February 2019, my uncle, Paul Stanton, contacted me and advised that State Farm Mutual Automobile Insurance Company ("State Farm") was trying to reach me regarding the lawsuit. He instructed me to give the legal paperwork to my State Farm agent, which I did immediately. Thereafter, I spoke with a State Farm representative, who advised me that I could request a defense be provided on my behalf. As a result, I immediately requested State Farm obtain legal representation to defend my interest in this case.

Once I understood my options and the process, I quickly acted. My failure to respond to Plaintiff's discovery requests was not the result of conscious indifference, but due to a lack of knowledge regarding the legal process.

Relator's motion also included the following argument:

Withdrawing the deemed admissions will not delay trial or significantly hamper Plaintiff's ability to prepare for it. Nor will it sub-serve [sic] the merits of the case. At this time, there are no Court issued deadlines or a trial date. Plaintiff has ample time to prepare his case in chief and withdrawing the deemed admissions will not impede Plaintiff's ability to do so. Plaintiff will not be unduly prejudiced by the withdrawal of the deemed admissions; as such, Cagle asks the court to withdraw his deemed admissions.

Plaintiff filed a response to the motion to reconsider and argued (in relevant part) that the affidavits were insufficient to establish good cause sufficient to justify withdrawal of Relator's deemed admissions. Plaintiff did not contradict any facts stated in Relator's affidavits or motion, filed no evidence in support of his contentions, and (other than a single conclusory allegation that he would be prejudiced) offered neither evidence nor argument controverting Relator's arguments concerning prejudice.

On May 20, 2019, the trial court signed an order stating:

On May 13, 2019, the Court considered Defendant's Motion for Reconsideration of Defendant's Motion to Withdraw Deemed Admissions. The Court, having considered the Motion, the evidence, the response, and arguments of counsel, is of the opinion that Defendant Ashton Cagle did not establish good cause for his failure to respond to Plaintiff's Request for Admissions.

The Court ruled to withdraw the following deemed admissions: 6, 16, 19, 21, 37-40, 42, and 44.

The Court ruled the following deemed admissions will not be withdrawn: 1-5, 7-15, 17, 18, 20, 22-36, 41 and 43.

Finally, this court's request for a response to Relator's petition on July 17, 2019 went unanswered.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig.

4

proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

"In reviewing findings of fact in a mandamus proceeding, we cannot substitute our judgment for that of the trial court." *In re Dillard Dept. Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (orig. proceeding) (per curiam). "Instead, the relator 'must establish that the trial court could reasonably have reached only one decision,' and that its finding to the contrary is 'arbitrary and unreasonable.'" *Id.* (quoting *Walker*, 827 S.W.2d at 840). "Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by sufficient evidence." *In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

## ANALYSIS

### A. Legal Standards Governing Withdrawal of Admissions

5

"The discovery rules were not designed as traps for the unwary, nor should we construe them to prevent a litigant from presenting the truth." *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). Requests for admissions should be used as a tool, not a trapdoor. *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam); *see also* Tex. R. Civ. P. 1 ("The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."). "The court may permit the party to withdraw or amend the admission if: (a) the party shows good cause for the withdrawal or amendment; and (b) the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission." Tex. R. Civ. P. 198.3; *see also Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 356 (Tex. 1998) (per curiam).

"The burden of proof is on the party seeking withdrawal of the deemed admissions to establish good cause. To prevail, they must prove they did not intentionally or consciously disregard their obligation to timely answer." *Webb v. Ray*, 944 S.W.2d 458, 461 (Tex. App.— Houston [14th Dist.] 1997, no writ). "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Marino*, 355 S.W.3d at 633; *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). "Even a slight excuse will

suffice, especially when delay or prejudice to the opposing party will not result."[1] Although pro se litigants are not exempt from the rules of procedure, "when a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer." *Wheeler,* 157 S.W.3d at 444. Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Id*. at 443.

### B. Relator Showed Good Cause

The trial court's finding that Relator did not establish good cause for his failure to respond to Plaintiff's Request for Admissions is belied by its ruling withdrawing deemed admissions numbers 6, 16, 19, 21, 37-40, 42, and 44. The trial court's order is silent regarding why there is good cause for withdrawing some (but not all) deemed admissions and we have neither found nor been pointed to (1) any case supporting this bifurcated remedy or (2) any reason for doing so under these circumstances.

Relator conclusively proved good cause through his uncontradicted affidavit. Without any evidence to the contrary, we conclude Relator's affidavit proves: (1) he did not intentionally or consciously disregard his obligation to respond to the requests for admission within fifty days and (2) he mistakenly relied on his grandfather's promise to take care of the matter (which, without controverting evidence, presumably occurred

---

[1] *Boulet v. State,* 189 S.W.3d 833, 836 (Tex. App.— Houston [1st Dist.] 2006, no pet.); *see also Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied); *In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d 772, 775 (Tex. App.—Tyler 2001, orig. proceeding); and *Spiecker v. Petroff*, 971 S.W.2d 536, 538 (Tex. App.—Dallas 1997, no pet.).

less than 50 days after being served).  Given Relator was not a lawyer, that even a slight excuse will suffice, and the absence of prejudice, we conclude "the trial court could reasonably have reached only one decision" (*Walker,* 827 S.W.2d at 840); *i.e.,* Relator demonstrated good cause under the circumstances of this case for withdrawing his dispositive admissions.  *See Boulet*, 189 S.W.3d at 836; *see also Wheeler,* 157 S.W.3d at 444 and *Marino*, 355 S.W.3d at 633-34 (reversing summary judgment based on deemed admissions against a pro se party and noting that a "pro se litigant's genuine confusion over discovery deadlines and summary judgment procedures was evidence of good cause, negating the conscious disregard or deliberate neglect required to support a merits-preclusive sanction.").  There is no evidence in the record supporting the trial court's implicit conclusion relator failed to establish good cause; this absence makes it the proper subject of mandamus relief.  *See In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d at 690 ("Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by sufficient evidence.").

## C. Withdrawing the Admissions Will Not Result in Undue Prejudice

"Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443.  "The mere fact that a trial on the merits is necessary does not constitute undue prejudice." *City of Houston v. Riner*, 896 S.W.2d 317, 320 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  This action has not yet been set for trial and there is no evidence from Plaintiff (or finding from the trial court) that withdrawing Relator's admissions will have *any* impact, much less (1) "delay trial" or (2) "significantly hamper" Plaintiff's ability to prepare for same.  Accordingly, the trial

court abused its discretion by denying Relator's motion to withdraw the deemed admissions and motion to reconsider.

## D. Relator Has No Adequate Remedy by Ordinary Appeal

A relator lacks an adequate remedy by appeal when their ability to present a viable claim or defense at trial is vitiated or severely compromised by erroneously deemed admissions. *See In re Hodge,* No. 12-02-00314-CV, 2002 WL 31769635, at \*2 (Tex. App.—Tyler Dec. 11, 2002, orig. proceeding) (mem. op.) (citing *Walker*); *see also In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d 772, 777 (Tex. App.—Tyler 2001, orig. proceeding) (concluding the trial court's denial of a motion to withdraw deemed admissions left relator without an adequate remedy on appeal). The deemed admissions at issue include (*inter alia*): (1) relator was under the influence of drugs or alcohol when the collision occurred and (2) there was nothing Plaintiff could have done to prevent the collision. Relator untimely denied many of these deemed admissions. Based on the record, allowing Relator to withdraw these deemed admissions will foreseeably prevent the case against him from being decided on deemed facts that Relator strongly contests, thereby advancing merits-based discovery, pre-trial, and trial proceedings.

The Rules require courts to consider whether the "presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission." Tex. R. Civ. P. 198.3. Presentation of the merits suffers "if the case is decided on deemed (but perhaps untrue) facts." *Wheeler*, 157 S.W.3d at 443 n.2; s*ee also In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d at 777 ("[b]ecause the ultimate purpose of discovery is to seek the truth, . . . we conclude that the presentation of the merits of the case would be served by withdrawal" of the deemed admissions) (internal

quotation omitted); *see also* Tex. R. Civ. P. 1.  Here, permitting this case to proceed on deemed, critical facts despite uncontested affidavits (1) establishes "that the failure involved was an accident or mistake, not intentional or the result of conscious indifference" (*Marino*, 355 S.W.3d at 633; *see also Wheeler*, 157 S.W.3d at 442) and (2) fails to subserve the presentation on the merits.  Plaintiff filed a motion for summary judgment based on the deemed admissions at issue *after* Relator filed a motion to withdraw them and two days before the ruling thereon.  Absent mandamus relief, Relator likely will be harmed by deemed admissions that should have been withdrawn, and his defenses will be vitiated or severely compromised in such a way as to preclude effective relief by ordinary appeal.  *See In re Hodge,* 2002 WL 31769635, at *2.  Neither our Rules nor our rule of law was designed to achieve this result at this stage this way.

## CONCLUSION

We conclude that (1) Relator showed good cause to withdraw his deemed admissions, and (2) withdrawal would not result in undue prejudice to the Plaintiff.  Plaintiff substantively contested neither proposition with evidence or argument.  Accordingly, "the trial court clearly abused its discretion and that relator has no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d, at 135-36.  We conditionally grant mandamus relief and direct the trial court to: (1) vacate its orders to the extent they deny Relator's motion to withdraw deemed admissions and motion to reconsider, and (2) permit Relator to withdraw deemed admissions numbers 1-5, 7-15, 17-18, 20, 22-36, 41, and 43.  We are confident the trial court will comply and the writ of mandamus shall issue only if the trial court fails to do so.

/s/     Meagan Hassan
Justice

Panel consists of Justices Wise, Jewell, and Hassan.