In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-113 CV


______________________


 

IN RE JAMES P. REAGAN






Original Proceeding






MEMORANDUM OPINION


 James P. Reagan seeks a writ of mandamus to compel the trial court to set aside its
order denying Reagan's motion to strike deemed admissions. Concord Capital Group, LLC,
the plaintiff in the trial court litigation, contends the trial court did not abuse its discretion. 
We conditionally grant relief.

 Concord served the requests for admissions with its original petition. The fifty
requests for admissions address every aspect of the litigation, including liability and
damages. Reagan recalled reading the requests and discussing them with counsel at their
initial meeting, but counsel failed to respond to the requests for admissions. Counsel for
Reagan informed the trial court that each time she examined the petition, she failed to notice
the requests for admissions were there. Counsel's affidavit explained that she did not realize
that a discovery request had been neglected until counsel for Concord filed a motion in
limine a year after the requests had been served on Reagan. Admitting only five, Reagan
responded to the requests for admissions and filed a motion to strike the deemed admissions. 
The trial court denied the motion. 

 The guiding rule and principle for withdrawing deemed admissions is a showing of
good cause and no undue prejudice. Tex. R. Civ. P. 198.3. "Good cause is established by
showing the failure involved was an accident or mistake, not intentional or the result of
conscious indifference." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex. 2005). "Undue
prejudice depends on whether withdrawing an admission or filing a late response will delay
trial or significantly hamper the opposing party's ability to prepare for it." Id. at 443. As in
other forms of discovery control, "absent flagrant bad faith or callous disregard for the rules,
due process bars merits-preclusive sanctions" for a failure to timely respond to requests for
admissions. Id. "When requests for admissions are used as intended--addressing
uncontroverted matters or evidentiary ones like the authenticity or admissibility of
documents--deeming admissions by default is unlikely to compromise presentation of the
merits." Id. When, as here, the requests are so broad as to preclude presentation of the
merits of the case, due process requires the trial court to consider a lesser sanction. See id.
at 443-44. 

 In this case, the trial court could have reasonably concluded that Reagan was aware
of the admissions when he was served, but the record does not support a finding that either
Reagan or his attorney consciously failed to respond. Because the rules apply equally to
attorneys and pro se litigants, that Wheeler v. Green involved a pro se litigant does not
distinguish its holding. See id. at 444. This case involves a longer delay than Wheeler v.
Green, but the trial court ordered mediation and the parties did not go to trial. Furthermore,
the plaintiff could not have reasonably believed that the defendant had no defenses and that
none of the elements of its claims were in controversy, especially in light of the testimony
developed in the temporary injunction hearing. Any prejudice caused by the delay should
have been considered as to the deemed admissions and should have been addressed through
appropriate intermediate sanctions. Given the evidence of good cause, and because the
deemed admissions effectively determined the entire controversy, the trial court should not
have let stand all of the deemed admissions under the circumstances. The trial court could
require appropriate corrective measures but need not foreclose a trial on the merits because
a party did not comply with discovery requests.

 When a discovery ruling has the effect of precluding a decision on the merits of a
party's claim or defense, a "remedy by eventual appeal is inadequate, unless the sanctions
are imposed simultaneously with the rendition of a final, appealable judgment." See
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 920 (Tex.1991). In this case,
the trial court did not follow the guiding rules and principles and effectively foreclosed a trial
on the merits for an inadvertent procedural lapse. Because the deemed admissions in this
case will preclude a trial on the merits, Reagan is entitled to mandamus relief. 

 We conditionally grant the petition for writ of mandamus and direct the trial court to
vacate the June 14, 2006, and January 9, 2007, orders denying James P. Reagan's motion to
strike deemed admissions. We are confident the trial court will follow this opinion. The writ
will issue only if the court fails to comply.

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.

 PER CURIAM

Submitted March 13, 2007

Opinion Delivered April 12, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.