

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-07-313-CV

NELL YELDELL                                                APPELLANT

V.

DENTON CENTRAL                                             APPELLEE
APPRAISAL DISTRICT

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Nell Yeldell appeals the trial court's dismissal of her lawsuit.

We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

**II. Factual and Procedural History**

Yeldell filed a protest with the Denton County Appraisal Review Board ("ARB") over the 2006 appraised value of her property and obtained an order from the ARB. Subsequently, Yeldell filed the underlying lawsuit against the Denton County Appraisal District ("District") seeking relief for newly alleged claims.[2] On July 11, 2007, the District filed a plea to the jurisdiction and

---

[2] Yeldell's claims—as asserted in her original petition—include the following:

- Failure to keep Plaintiff['s] land and houses in a uniform order.
- Failure to address all Property correctly.
- Failure to appraise Plaintiff's property correctly.
- Failure to estate of sufferance.
- Property has been taken by actionable wrong.
- Several civil wrongs have been done.
- Plaintiff's rights have been violated.
- The plaintiff has had a direct invasion of her legal rights to her property and an invasion to the plaintiff.
- Plaintiff has been forced to pay taxes on land that is not listed in the city tax office or the county's tax office.
- Plaintiff has been forced to pay taxes on land that doesn't exist.
- Violation of the rightful description of the property belonging to the Plaintiff.
- False statement of punctuation.
- Plaintiff has no addresses listed on receipts of taxes. She does not know where she pays taxes. Tax office refuses to address Plaintiff's property.
- Plaintiff is a 70 year old woman and these matters [have] placed undue stress upon her.
- The Appraisal District refuse[s] to see wrongness on deeds.

special exceptions, specifically alleging that Yeldell failed to protest any of her newly alleged claims to the ARB as required by law. After holding a hearing on this motion, the trial court signed an order dismissing the lawsuit on July 31. This appeal followed.

## III. Analysis

On November 28, 2007, this court notified Yeldell that her brief was defective and requested that she file an amended brief. We specifically told Yeldell that her brief did not conform to the requirements for briefs submitted

---

- Address change to fit a [taking] of land.
- Plaintiff is being forced to pay money on property that is not set in a legal form or manner, and false claims acts.
- Removing the Plaintiff from her original land mark and placing her where the appraiser said to place the Plaintiff.
- Plaintiff has been abused mental [sic] because of the illegal and corruptible acts that the Appraisal District refuses to correct.
- Wrongful divesting.
- Falsifying records.
- Tampering with records.
- Identity theft by using the Plaintiff's name and address on the wrong tax record.
- Injure [sic] with deceiving.
- Concealment of Records deeds to identify the rightful land.
- Counterfeit deeds for the wrongful block lots.
- Appraisal contributing to a wrong.
- Wrongful blocks, lot, and addresses for the taking.
- Moving a company onto property and using the Plaintiff's tax number.
- Many more violations.

3

on appeal as set forth in Texas Rule of Appellate Procedure 38. Her brief did not conform in the following respects:

a. The brief did not comply with Rule 38.1(a), Texas Rule of Appellate Procedure, as it did not list all the parties and counsel.

b. The brief did not comply with Rule 38.1(b), Texas Rule of Appellate Procedure, as it did not contain a table of contents.

c. The brief did not comply with Rule 38.1(c), Texas Rule of Appellate Procedure, as it did not contain an index of authorities.

d. The brief did not comply with Rule 38.1(d), Texas Rule of Appellate Procedure, as it did not contain a statement of the case that should have record references.

e. The brief did not comply with Rule 38.1(e), Texas Rule of Appellate Procedure, as it did not contain the issues presented.

f. The brief did not comply with Rule 38.1(f), Texas Rule of Appellate Procedure, as it did not contain the statement of facts with record references.

g. The brief did not comply with Rule 38.1(g), Texas Rule of Appellate Procedure, as it did not contain a summary of the argument.

h. The brief did not comply with Rule 38.1(h), Texas Rule of Appellate Procedure, as it did not contain a clear and concise argument for the contentions made, with appropriate citations to legal authorities and to the record.

i. The brief did not comply with Rule 38.1(i), Texas Rule of Appellate Procedure, as it did not contain a prayer.

j. The brief did not comply with Rule 9.5(d), Texas Rule of Appellate Procedure, as it did not contain a certificate of service.

k. The brief did not comply with Local Rule A, Second Court of Appeals Local Rules, as it did not contain a front cover.

l. The brief did not comply with Local Rule E, Second Court of Appeals Local Rules, as Appellant failed to provide four (4) copies.

m. The brief did not comply with Local Rule G, Second Court of Appeals Local Rules, as it is longer than the allowable page limit.

Yeldell filed an amended brief on February 25, 2008, per the court's November 28 letter permitting her to do so. The District contends that Yeldell's amended brief does not comply with Texas Rule of Appellate Procedure 38. Specifically, the District argues that Yeldell's amended brief does not provide a succinct and direct analysis of any reversible error, nor does it include any reference to the record or any legal authority as required by Rule 38.1(h). We agree.

On appeal, as at trial, the pro se appellant must properly present her case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). Texas Rule of Appellate Procedure 38 prescribes the requirements for briefs submitted on appeal. TEX. R. APP. P. 38. The rule provides that a brief to this Court shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record.

*McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied); *King v. Travis County,* No. 03-05-00081-CV, 2007 WL 1647817, at *3 (Tex. App.—Austin June 6, 2007, no pet.) (mem. op.). Bare assertions of error, without citations to authority, waive error. *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

We are faced with a difficult task in addressing the appeal of this pro se appellant. We realize that Yeldell has proceeded without the assistance of counsel. However, in order to prevent unfair advantage over litigants represented by counsel, pro se litigants are held to the same standards as licensed attorneys; all parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *King*, 2007 WL 1647817, at *3; *Strange,* 126 S.W.3d at 677. Although we are to construe the rules of appellate procedure liberally, in this case, Yeldell's briefing is so inadequate that we would have to make her legal arguments for her. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *King*, 2007 WL 1647817, at *3. We have little latitude on appeal, and we cannot remedy deficiencies in a litigant's brief. *See Strange,* 126 S.W.3d at 678.

After reviewing Yeldell's amended brief, we hold that it is deficient in the following ways:

The brief does not comply with Rule 38.1(b)[3]:

The brief does not contain a table of contents as required by Rule 38.1(b). In response to our letter notifying Yeldell of the deficiency in her original brief for failure to include a table of contents, Yeldell states in her amended brief that "appellee have [paid] the Clerk's for records for the index and she will send the record in to the Court of Appeals." Under Rule 38.1(b), Yeldell is required to include a "table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points." TEX. R. APP. P. 38.1(b). We hold that sending the clerk's record to the court of appeals is insufficient to comply with this rule. Yeldell was required to include a table of contents within her brief and she failed to do so.

---

[3] All rules refer to the Texas Rules of Appellate Procedure unless otherwise noted.

7

<u>The brief does not comply with Rule 38.1(c):</u>

The brief does not contain an index of authorities as required by Rule 38.1(c). Yeldell stated in her brief that "the index of authorities are listed in the clerks records. . . . Appellant will bring the copy of the clerk'[s] record to the clerk's of authorities. . . . " However, Rule 38.1(c) states that the "brief must have an index of authorities arranged alphabetically and indicating the pages of the briefs where the authorities are cited." TEX. R. APP. P. 38.1(c). Again, we hold that "bring[ing] a copy of the clerk's record" to the court is insufficient. Under Rule 38.1(c), Yeldell was required to include an index of authorities within her brief, and she failed to do so.

<u>The brief does not comply with 38.1(d):</u>

Although Yeldell's brief contains a statement of the case, she failed to include record references as required by Rule 38.1(d). Again, instead of including record references within her brief, Yeldell states that she will bring the record of the hearing to the Court of Appeals. We reemphasize that such action is insufficient to comply with Rule 38.1(d) because Yeldell was required to support her statement of the case with *specific* references to the record. She failed to do so.

8

<u>The brief does not comply with Rule 38.1(h)</u>:

Yeldell's brief does not contain a clear and concise argument for the contentions made, nor does it contain appropriate citations to legal authorities and to the record as required by Rule 38.1(h). Although Yeldell's brief does include her issues on appeal, she cites no legal authority to support her arguments. Nor are her arguments clear. It appears that she is arguing that the District—particularly District Chief Joe Rogers—has taken her property because the District refuses to correct the plot records that inaccurately state which property she owns, and as a result, she is paying taxes on property other than her own. She also contends that she was denied the opportunity to have a jury trial on this matter.[4] Although Yeldell does cite some law—including the United States Constitution, the Fourth and Fifth Amendments, and various rules of federal procedure—the law she cites does not support the arguments she sets forth. Moreover, Yeldell fails to analyze the issues that she has presented for review in any meaningful way. Her arguments are based on generalized statements and consist of arguments without substantive relationship to specific legal theories. Because an issue on appeal unsupported by analysis or

---

[4] Specifically, Yeldell alleges in her brief that the "lots have been replated and her land have been taken, the taxs rolls or in corruption, her deeds is taken, her name is taken and been used for companys. The presiding judge refused to give her a jury trial. . . ."

9

citation to any legal authority presents nothing for the court to review, we are unable to evaluate the merits of her appeal. *See Strange*, 126 S.W.3d at 678; *Cooper v. McFadin,* No. 02-06-00173-CV, 2007 WL 2405124, at *1 (Tex. App.—Fort Worth Aug. 24, 2007, pet. denied) (mem. op.); *Liberty Mut. Ins. Co.*, 150 S.W.3d at 648 (stating that bare assertions of error, without citations to authority, waive error).

## IV. Conclusion

Because Yeldell has failed to comply with appellate rule 38, and because we have already given Yeldell the opportunity to amend her brief even though we are not required to do so, we hold that Yeldell has waived any error. *See* TEX. R. APP. P. 38.1(h); *Fredonia State Bank,* 881 S.W.2d at 284–85 (citing the long-standing rule that a point may be waived due to inadequate briefing and that a court is not required to allow appellant opportunity to amend an inadequate brief); *Liberty Mut. Ins. Co.,* 150 S.W.3d at 648. Accordingly, we overrule Yeldell's points on appeal and affirm the trial court's dismissal.[5]

PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.

---

[5] Throughout the pendency of her appeal, Yeldell presented a large variety of motions and correspondence for the court's consideration. We hold that all motions and other filings are hereby overruled.

DELIVERED: August 29, 2008