

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00487-CV

Ali **CHERAIF**,
Appellant

v.

**BARSHOP & OLES COMPANY, INC.**, San Pedro North, Ltd.,
Northwoods Center, Inc., and Northwoods Center III, Inc.,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-02395
Honorable Rosie Alvarado, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Irene Rios, Justice

Delivered and Filed: April 15, 2020

AFFIRMED

Ali Cheraif appeals the trial court's orders: (1) granting a no-evidence motion for summary

judgment filed by appellees Barshop & Oles Company, Inc., San Pedro North, Ltd., Northwoods

Center, Inc. and Northwoods Center III, Inc.; and (2) denying a motion to set aside order granting

summary judgment and motion for new trial and supplemental motion to set aside order granting

summary judgment.  We affirm the trial court's judgment.

BACKGROUND

Cheraif filed the underlying lawsuit against the appellees and others alleging various claims relating to his purchase and ownership of a tract of real property where he built a speculation home. Cheraif alleged the appellees own or are affiliated with commercial properties from which storm water flows into a culvert located on Cheraif's property. Cheraif alleged claims against the appellees for trespass to real property, public and private permanent nuisance, and violations of Section 11.086 of the Texas Water Code based on the appellees allegedly redirecting excessive amounts of surface water onto Cheraif's property.

On November 26, 2018, the trial court granted a motion to withdraw filed by Cheraif's attorney. On January 25, 2019, the appellees filed a joint motion to dismiss and motion for traditional and no-evidence summary judgment. One of the grounds asserted in their no-evidence motion was that Cheraif had no admissible evidence of any legally recognizable damages. On February 7, 2019, Cheraif filed a pro se response to the motion. After a hearing, the trial court signed an order on February 20, 2019, granting the no-evidence motion "on the basis of no evidence as to monetary damages."

On February 26, 2019, Cheraif filed a pro se motion to set aside order granting summary judgment and motion for new trial. On March 8, 2019, an attorney representing Cheraif filed a supplemental motion to set aside order granting summary judgment. On May 8, 2019, the same attorney filed a supplemental response to appellees' joint motion to dismiss and motion for traditional and no-evidence summary judgment. On June 17, 2019, the trial court signed a final judgment.[1] On June 21, 2019, the trial court signed an order denying Cheraif's original and supplemental motions to set aside summary judgment and motion for new trial.

---

[1] We note the trial court's prior February 20, 2019 summary judgment order was not final because it did not dispose of the appellees' request for costs. *See Weaver v. Thompson*, No. 12-13-00145-CV, 2014 WL 1747006, at *3 (Tex.

**NO-EVIDENCE MOTION**

In his first issue, Cheraif contends the trial court erred in granting the appellees' no-evidence motion. As previously noted, the trial court granted the motion "on the basis of no evidence as to monetary damages."

A.      Standard of Review

"We review a trial court's order granting summary judgment de novo." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). In reviewing a no-evidence motion, we view the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019); *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018).

B.      Respondent's No-Evidence Summary Judgment Burden

A trial court must grant a no-evidence motion for summary judgment "unless the respondent produces summary judgment evidence raising a genuine issue of material fact" on the essential elements of a claim challenged in the no-evidence motion. TEX. R. CIV. P. 166a(i). "The nonmovant may raise a genuine issue of material fact by producing more than a scintilla of evidence establishing the existence of the challenged element." *Town of Shady Shores*, 590 S.W.3d at 551 (internal quotation marks omitted). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotation marks omitted).

---

App.—Tyler Apr. 30, 2014, no pet.) (mem. op.) (dismissing appeal of order granting summary judgment that did not dispose of claim for attorney's fees or costs); *Long v. Cibolo Livery Stables, Inc.*, No. 07-09-0243-CV, 2009 WL 3444926, at *3 (Tex. App.—Amarillo Oct. 27, 2009, no pet.) (mem. op.) (abating appeal for trial court to determine finality where order granting summary judgment did not address costs). The final judgment provided that "a]ll costs are charged against Plaintiff for which execution shall issue if not timely paid."

"More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id*. (internal quotation marks omitted).

"In determining whether a summary judgment respondent successfully carried its burden, neither this court nor the trial court is required to wade through a voluminous record to marshal respondent's proof." *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). "Thus, when presenting summary-judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court." *Id*. This burden requires the party to point to specific pages in documents and depositions. *Id*. Generally referencing entire documents and depositions attached to a response is not sufficient. *Id*. A similar burden applies an appeal, and "[a]n appellant has a duty to show that the record supports its contention." *Id*.

C.     Analysis

As previously noted, Cheraif alleged claims for trespass to real property, public and private permanent nuisance, and violations of Section 11.086 of the Texas Water Code. Because Cheraif alleged his damages were continuing or permanent, the proper measure of damages is loss in fair market value. *See Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 610–11 (Tex. 2016); *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 481 (Tex. 2014); *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978); *City of Abilene v. Downs*, 367 S.W.2d 153, 161 (Tex. 1963).

In his response to the appellees' no-evidence motion, Cheraif never refers to lost market value or points to any evidence establishing a loss in fair market value. Although Cheraif listed fourteen documents, affidavits, and depositions he sought to rely on as summary judgment evidence, the trial court was not required to wade through the listed evidence to marshal Cheraif's

proof for him. *Arredondo*, 198 S.W.3d at 238. Similarly, on appeal, Cheraif's brief contains record citations to evidence he claims establish the damage to his property but provides no record citations to evidence of lost market value. Instead, Cheraif asserts "the negative effect on the market value of the property or the loss of use and enjoyment are obvious." However, claiming the lost market value is "obvious" does not satisfy Cheraif's summary judgment burden. Finally, Cheraif seeks to rely on summary judgment evidence he produced after the trial court signed the order granting the appellees' no-evidence motion. However, "[w]e consider only evidence that was before the trial court at the time it ruled on the particular summary judgment motions being challenged." *Saad v. Valdez*, No. 14-15-00845-CV, 2017 WL 1181241, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.); *see also Blankinship v. Brown*, 399 S.W.3d 303, 309 (Tex. App.—Dallas 2013, pet. denied) (same). Based on the foregoing, we overrule Cheraif's first issue.

### MOTION TO SET ASIDE/MOTION FOR NEW TRIAL

In his second issue, Cheraif relies on the Texas Supreme Court's decision in *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005), in arguing the trial court erred in denying his original and supplemental motions to set aside and motion for new trial because he was pro se at the time he filed his response to the appellees' no-evidence motion.

In *Wheeler,* a father and mother were appointed joint managing conservators of their child. 157 S.W.3d at 441. The father later filed a petition seeking a modification to appoint him as sole managing conservator, and his attorney mailed the mother, who was pro se, sixty-four requests for admissions. *Id*. The mother filed responses to the requests two days late. *Id*. The father's attorney moved for summary judgment based on deemed admissions, saying nothing about the untimely responses he had received from the mother. *Id*. The mother did not file a response to the summary judgment. *Id*. After the trial court granted the father's motion, the mother retained counsel who

filed a motion for new trial which also was denied. *Id*. at 441-42. The court of appeals affirmed. *Id*. at 442.

On appeal to the Texas Supreme Court, the court asserted "the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same," and "[e]ither is proper upon a showing of (1) good cause, and (2) no undue prejudice." *Id*. Concluding the record supported both required showings, the court reversed the court of appeals' judgment, holding that under the facts presented "the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the summary judgment was solely because [the mother]'s responses were two days late." *Id*. at 444.

Unlike the mother in *Wheeler*, Cheraif timely filed a response to the appellees' no-evidence motion; however, he failed to attach any evidence to establish a loss in the fair market value of his property. In *Nguen v. Kuljis*, 414 S.W.3d 236, 243-45 (Tex. App.—Houston [1st Dist.] 2013, pet. denied), the Houston court refused to extend the holding in *Wheeler* where the pro se litigant filed an inadequate response to a no-evidence motion for summary judgment, noting *Wheeler* concerned a failure to respond rather than an inadequate response. In refusing to extend the holding, the court noted, "To require trial courts to grant a new trial whenever the nonmovant mistakenly files a defective summary judgment response would be to change summary judgment practice radically." *Id*. at 244. The court further noted, "The rules wisely give trial courts discretion in determining whether to allow a party to amend a defective response under the facts of each case. . . . Extending *Wheeler* to cases involving only inadequate summary judgment responses removes this broad discretion by creating a right to a new trial when the *Wheeler* standards are satisfied." *Id*. at 244-45. Finally, the court noted, "the Supreme Court ordinarily requires pro se litigants to comply with the same rules as parties represented by counsel. If a new rule for inadequate summary judgment

responses is to be crafted for pro se litigations, it should be the Supreme Court that does so, not this intermediate court." *Id*. at 245 (internal citation omitted).

We agree with the Houston court and, as an intermediate court, are unwilling to craft a new rule for inadequate summary judgment responses for pro se litigations. *See id*. Given that such a rule would radically change summary judgment practice, any such rule should be crafted by the Texas Supreme Court. Accordingly, we overrule Cheraif's second issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice