**Affirmed and Opinion filed May 12, 2022.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-20-00843-CV

### J. SIMMONS AND HUNTLEIGH USA CORPORATION, Appellants

### V.

### DERRICK TAYLOR, Appellee

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-32122**

## OPINION

In this case involving the Texas Citizens Participation Act ("TCPA"), we consider whether an interlocutory appeal is authorized from an oral denial of a motion to dismiss, and if so, whether the trial court abused its discretion when it found that the movants had failed to establish a statutory exception for not setting a hearing on the motion within the TCPA's mandatory sixty-day period. Contrary to our sister courts, we conclude that an interlocutory appeal is authorized. We further

conclude that the trial court did not abuse its discretion when it determined that the motion was untimely.

## BACKGROUND

Derrick Taylor, the plaintiff below, sued his former employer, Huntleigh USA Corporation, and a related individual, Jammett Simmons (collectively, the "Defendants"), alleging that they had defamed him by falsely accusing him of having committed a crime and of having violated certain corporate policies. The Defendants filed an answer generally denying the allegations against them. They also moved to dismiss Taylor's suit under the TCPA, arguing that the suit was based on or in response to an exercise of their protected rights.

The Defendants filed their motion to dismiss on September 18, 2020, and they electronically served Taylor with a copy of the motion on that same day. Based on that date of service, the Defendants were required under the TCPA to set a hearing on the motion within sixty days—i.e., by November 17. The Defendants did not comply with that statutory requirement, and the hearing did not occur until December 4.

In advance of the hearing, Taylor filed a written objection, complaining that the hearing was untimely because the motion had been served more than sixty days earlier. The trial judge began the hearing by addressing that complaint and by inquiring whether he had any authority to reach the merits of the Defendants' motion.

The Defendants responded that the judge should reach the merits because the TCPA affords various exceptions to the sixty-day requirement. The Defendants highlighted two exceptions in particular, and if either exception applied, then the sixty-day deadline would have been extended to ninety days from the date of

service—i.e., to December 17—which in turn would have meant that their hearing was timely.

The first exception cited by the Defendants was that the docket conditions of the court required a hearing after sixty days. The Defendants did not produce any evidence in support of this exception, and the judge rejected it with the following explanation: "I got to tell you, I've been here every day, and nobody's ever told me that there was an urgency to hear anything, and I assure you, with the COVID clampdown on the ability for us to hold jury trials, there's been nothing wrong with the Court's docket."

The Defendants then shifted to their second exception, which is that they had established good cause for a later hearing. The Defendants claimed that they had exercised diligence in setting a hearing because they believed that they had actually docketed a hearing by video teleconference for October 30. This date was within the mandatory sixty-day period for setting a hearing, and it was also the date identified on the Defendants' notice of hearing, which they had embedded within their motion to dismiss. The Defendants said that they further believed that they would have received an electronic link for the video teleconference in advance of the hearing, and because they had not received such a link by October 29, they said that they contacted the court staff on that date, which is when they were advised that no hearing had ever been docketed in the first place.

The Defendants had not complied with the court's standing order for filing documents, which required the notice of hearing to be filed as an attachment to the motion, and not embedded within the motion itself. The Defendants did not specifically address this noncompliance at the hearing. Instead, they merely represented that when they were informed by the court staff that they could not

obtain a hearing for October 30, they requested the next available hearing, which was for December 4.

The judge did not accept this claim of good cause. He said: "Well, I hate to—hate to disappoint you, but I—I feel like the statute's clear and that there was nothing—nothing that prohibited getting an earlier hearing date than this."

The Defendants pressed on: "Your Honor, we—I mean, we—we checked with the coordinator, we checked with the clerk, and they—we asked them to set it earlier and they didn't. Now, they—they said they coordinated with you, and they said that they—they asked about, they asked for an earlier date and this was the earliest date that they could give us."

The judge again rejected that claim: "Okay. Well, I'm not going to allow you to throw my staff under the bus like that." The judge then stated: "I don't find cause and so, therefore, I'm going to deny the motion based on the statutory requirement."

Later that day, after the hearing had concluded, the Defendants filed a motion to reconsider. Attached as exhibits to the motion were declarations from the Defendants' attorneys, as well as email communications between them, which showed that they believed that they had secured a hearing for October 30. None of the exhibits included any written communications with the court's staff.

The judge did not rule on the motion to reconsider by December 17, which was the last possible day under the TCPA in which a hearing could have been held. On December 18, the Defendants filed their notice of interlocutory appeal.

## APPELLATE JURISDICTION

The general rule is that a party may only bring an interlocutory appeal from a written order. *See* Tex. Civ. Prac. & Rem. Code § 51.014. But the TCPA provides an exception to that rule: "If a court does not rule on a motion to dismiss under

4

Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." Tex. Civ. Prac. & Rem. Code § 27.008(a).

At least two courts of appeals have held that this exception does not authorize an interlocutory appeal when, as in this case, the trial court orally denies a motion to dismiss yet fails to issue a written order. *See Casillas v. M & S Concrete*, No. 01-19-00145-CV, 2020 WL 2026367, at *3–4 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.); *Clark v. Paddington British Private Sch., Inc.*, No. 09-19-00056-CV, 2016 WL 4247963, at *2–3 (Tex. App.—Beaumont Aug. 11, 2016, no pet.) (mem. op.). We are not bound by these courts, and we disagree with their reasoning.

The TCPA "shall be construed liberally to effectuate its purpose and intent fully." *See* Tex. Civ. Prac. & Rem. Code § 27.011(b). The purpose of the TCPA is to encourage and safeguard constitutional rights. *See* Tex. Civ. Prac. & Rem. Code § 27.002. That purpose would be thwarted if a trial court could insulate its decision from appellate review by refusing to sign a written order and choosing instead to orally deny a motion that should have been granted. We do not believe that the legislature intended for such possible abuse. *See Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 38 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (discussing how legislative changes manifested an intent to provide for a broad right of interlocutory appeal).

By not signing a written order, we hold that the trial judge did not rule on the Defendants' motion to dismiss, which means that the motion was overruled by operation of law, and that we have appellate jurisdiction under Section 27.008(a).

## ANALYSIS

### I. The trial judge did not apply the wrong legal standard.

The TCPA provides in pertinent part that "a hearing on a motion [to dismiss] must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion." *See* Tex. Civ. Prac. & Rem. Code § 27.004(a).

The Defendants have not claimed in their appellants' brief that there was ever an agreement with Taylor to extend the time for setting a hearing beyond the TCPA's mandatory sixty-day period. Nevertheless, the Defendants focus on the disjunctive phrasing of this exception, emphasizing that the time can be extended because of docket conditions, because of good cause, "or" because of an agreement between the parties. The Defendants then argue that the trial judge refused to respect this disjunctive phrasing because the judge exclusively referenced only one exception ("I don't find cause"). In the Defendants' view, the judge held them to a standard that does not exist under the TCPA by requiring them to make a showing of good cause.

The record does not support the Defendants' argument. At the beginning of the hearing, the Defendants invoked another exception to the sixty-day requirement when they claimed that the court's docket conditions necessitated a later hearing. The judge did not interrupt the Defendants or comment that its docket conditions were irrelevant. Instead, the judge allowed the Defendants to present their claim, and then the judge rejected it because he determined that "there's been nothing wrong with the Court's docket." That determination shows that the judge considered the disjunctive standards for extending the sixty-day requirement under the TCPA.

**II.** **The trial judge did not abuse his discretion by rejecting a claim that the court's docket conditions required a later hearing.**

The Defendants argue next in their brief that the trial judge should have reached the merits of their motion because they established the docket-conditions exception to the TCPA's sixty-day requirement.

The trial judge is afforded wide discretion when deciding whether a movant has demonstrated an exception to the TCPA's sixty-day requirement, and we review the judge's decision on that matter for an abuse of discretion. *See Morin v. Law Office of Kleinhaus Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *3 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.).

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial judge's action. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Nor may we, as the reviewing court, conclude that the trial judge abused his discretion merely because we might have decided a factual question in a different manner from the trial judge. *Id.* at 242. Rather, the test for abuse of discretion is whether the trial judge acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *Id.* at 241–42.

The Defendants argue that the judge abused his discretion because they produced evidence showing that they could not obtain a hearing within the sixty-day period. But none of the evidence that they cite in their brief was produced during the hearing on December 4. It was all attached to a motion to reconsider that the Defendants filed after that hearing had concluded.

Nevertheless, much of the evidence attached to the motion to reconsider was conveyed to the judge during the hearing in the form of argument by the Defendants' counsel. For example, one of the Defendants' counsel said that she originally noticed

the hearing for October 30, and when she learned on October 29 that a hearing could not be held on that date, she was advised by court staff that the earliest available date was more than a month later, on December 4.

Counsel's statement about the court staff was hearsay, and the judge had no obligation to credit it. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 373 (Tex. 2000) ("It was certainly hearsay, and while no objection was made to its admission to preclude the trial court from considering it, the trial court was nonetheless free on its own to disregard the testimony."). Because the judge was in a position to recall the condition of his own docket, he could have reasonably determined that December 4 was not the earliest available date for the Defendants' hearing, and that the docket conditions did not actually preclude a hearing within the TCPA's sixty-day period. *See* Tex. Civ. Prac. & Rem. Code § 27.004(b) (providing that a court may take judicial notice of its own docket conditions).

The Defendants criticize the judge in their brief because he "did nothing to question [his] staff on the facts during or after the hearing." But the judge had no such burden. Based on his own recollection of his docket conditions, the judge was free to determine that the Defendants' claims were not credible.

The Defendants also argue that the judge abused his discretion, citing *In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.). But that case is distinguishable on the facts. The issue there was whether the trial court had abused its discretion by refusing to set and conduct a hearing on a motion to dismiss under the TCPA. *Id.* at *1. By contrast, a hearing actually occurred in this case, and the issue instead is whether the trial judge abused his discretion when he determined that docket conditions did not require a hearing outside of the TCPA's sixty-day period. The judge expressly found that there was "nothing that prohibited getting an earlier hearing date than this," and

8

we conclude that the Defendants' meager hearsay statements to the contrary do not demonstrate that the judge's finding was arbitrary, unreasonable, or without reference to guiding rules or principles.

### III. The trial judge did not abuse his discretion by rejecting a claim that there was good cause for a later hearing.

The Defendants argue next that the judge should have reached the merits on their motion because they established the good-cause exception to the TCPA's sixty-day requirement.

Good cause is established by showing that a failure was an accident or mistake, not intentional or the result of conscious indifference. *See Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). The Defendants claim that they satisfied this standard because they originally noticed the hearing for October 30, under the mistaken belief that the court staff would set a hearing for that date.

The Defendants do not acknowledge that they failed to file their notice of hearing as an attachment to their motion, which was required by the judge's standing order, and which might have alerted the judge's staff to docket the hearing as requested. *See* Document Filing Instructions for the 164th District Court, https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=13&sid=580 ("Please ensure that there is one lead document per envelope (usually a motion/response/reply/certificates/subpoenas/citations, etc.) and that all related documents (notices of hearing/submission, orders, exhibits, cover letters) are sent as an attachment and are not filed as separate lead documents."). The Defendants actually insist in their brief that they had abided by the standing order, even though the clerk's record shows that their notice of hearing was not filed as an attachment (unlike an exhibit that the Defendants had properly attached to their motion).

In any event, even if we were to conclude that the Defendants had made an accident or mistake, we would still conclude that the trial judge did not abuse his discretion by rejecting their claim of good cause. According to the Defendants, they learned no later than October 29 that their hearing had not been docketed as they had originally anticipated. By that time, the TCPA's sixty-day deadline was still nineteen days away. Relying only on hearsay statements, the Defendants assert in their brief that the court staff offered them a hearing on November 4—i.e., before the deadline—but that the staff then advised the Defendants on October 30 that the earliest possible date for a hearing was on December 4—i.e., after the deadline. As before, the trial judge was not required to believe the Defendants' hearsay claims. The judge stated that "there's been nothing wrong with the Court's docket," and we must defer to that statement because the judge was in the best position to know his own docket conditions and because that statement supports the judge's determination that a hearing after the sixty-day deadline was not required.

Because the Defendants have not argued that they established any other exception to the TCPA's sixty-day requirement, we conclude that the judge did not abuse his discretion when he determined that their hearing was untimely. In light of this conclusion, we need not address the Defendants' remaining arguments, all of which concern the merits of their motion. *See* Tex. R. App. P. 47.1.

## CONCLUSION

The denial of the Defendants' motion to dismiss is affirmed.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.