**Opinion issued August 11, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00557-CV

_____

**MARSHA BENNETT, Appellant**

**V.**

**RAYMOND P. JENKINS, WALTER LUCAS, CEASER MOORE, JR., JUAN SANCHEZ MUNOZ, RENU KHATOR, UNIVERSITY OF HOUSTON-DOWNTOWN, AND UNIVERSITY OF HOUSTON SYSTEM, Appellees**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-67065**

---

## MEMORANDUM OPINION

Appellant, Marsha Bennett, proceeding pro se, challenges the trial court's order granting the plea to the jurisdiction, motion to dismiss, and motion for summary judgment of appellees, Raymond P. Jenkins, Walter Lucas, Ceaser Moore,

Jr., Juan Sanchez Munoz, Renu Khator, University of Houston-Downtown, and University of Houston System (collectively, "appellees"), in Bennett's suit against appellees for breach of contract, violations of the Texas Constitution, "imposition of an unreasonable burden," and violations of "42 U.S.C. § 1983, . . . the Equal Protection [Clause], Due Process Clause, . . . Article I, Section 17 of the U.S. Constitution[,] and the First Amendment."

We dismiss the appeal.

On March 22, 2022, Bennett filed her appellant's brief with this Court. On March 29, 2022, we notified Bennett that her appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1 because it did not "give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel"; contain "a table of contents with references to the pages of the brief" or a "table of contents . . . indicat[ing] the subject matter of each issue or point, or group of issues or points"; contain "an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities [were] cited"; "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement

of the arguments made in the body of the brief"; and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[1] (Alteration in original) (Internal quotations omitted.) *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i); *Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *1 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.) (appellant's brief does not comply with Texas Rule of Appellate Procedure 38.1 where it does not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record" (internal quotations omitted)); *Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *1–2 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (appellant's brief fails to comply with Texas Rule of Appellate

---

[1] A pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure. *See Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (pro se litigant must adhere to Texas Rules of Appellate Procedure); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

Procedure 38.1 where it presents "no cognizable or discernable issues" and contains "no coherent argument supported by appropriate citations"); *see also M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) (appellate briefing requirements are mandatory); *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at \*2 (Tex. App.— Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (Texas Rules of Appellate Procedure control required contents and organization of appellant's brief).

On March 29, 2022, we struck Bennett's March 22, 2022 appellant's brief and ordered Bennett to file a corrected appellant's brief that complied with Texas Rule of Appellate Procedure 38.1 by April 28, 2022. We informed Bennett that if she filed a corrected appellant's brief that did not comply with rule 38.1, we would strike her corrected brief, prohibit Bennett from filing another, proceed as if Bennett had failed to file a brief, and dismiss her appeal. *See* TEX. R. APP. P. 38.1, 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Garrett*, 2021 WL 5702177, at \*1–3; *Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at \*1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL

4

4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same); *Petty*, 2014 WL 5500459, at *1–2 (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1).  We also informed Bennett that if she failed to timely file her corrected brief, we may dismiss her appeal.  *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f).  Bennett did not timely file her corrected appellant's brief.

On May 2, 2022, Bennett filed a motion for extension of time to file her corrected appellant's brief, requesting "an eight[-]week extension" to file her brief.  *See* TEX. R. APP. P. 10.5(b), 38.6(d).  We granted Bennett's motion and ordered that Bennett file her corrected appellant's brief by June 28, 2022.  We again informed Bennett that if she filed a corrected appellant's brief that did not comply with Texas Rule of Appellate Procedure 38.1, we would strike her corrected brief, prohibit Bennett from filing another, proceed as if Bennett had failed to file a brief, and dismiss her appeal.  *See* TEX. R. APP. P. 38.1, 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Garrett*, 2021 WL 5702177, at *1–3; *Tucker*, 2020 WL 3969586, at *1; *Tyurin*, 2017 WL 4682191, at *1–2; *Petty*, 2014 WL 5500459, at *1–2.  We also informed Bennett that if she failed to timely file her corrected appellant's brief, we may dismiss her appeal.  *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f).

Bennett did not file a corrected appellant's brief.  Accordingly, we dismiss the appeal for want of prosecution.  *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f); *Orozco*

5

*v. Reserve at Pecan Valley Apartments*, No. 04-21-00447-CV, 2022 WL 848363, at *1 (Tex. App.—San Antonio Mar. 23, 2022, no pet.) (mem. op.); *In re W.A.F.*, No. 04-19-00723-CV, 2020 WL 5913842, at *1 (Tex. App.—San Antonio Oct. 7, 2020, no pet.) (mem. op.) (after appellate court struck appellant's brief for failure to comply with Texas Rule of Appellate Procedure 38.1, appellant failed to file amended brief as ordered, and appellate court dismissed appeal for want of prosecution); *see also Averett v. Huffman Indep. Sch. Dist.*, No. 01-19-00482-CV, 2020 WL 717543, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2020, no pet.) (mem. op.) ("When an appellant fails to file a brief, we may dismiss h[er] appeal for want of prosecution."). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Goodman, Countiss, and Farris.