**Opinion issued June 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00009-CV

————————————

**KARAFALA BENGALY, Appellant**

**V.**

**FIRST NATIONAL BANK OF OMAHA, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1189668**

---

## MEMORANDUM OPINION

Appellant, Karafala Bengaly, proceeding pro se, challenges the trial court's rendition of summary judgment in favor of appellee, First National Bank of Omaha, in its suit against Bengaly for account stated.

We dismiss the appeal.

On April 7, 2023, Bengaly filed her appellant's brief with this Court. In an April 25, 2023 order, we notified Bengaly that her appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1 because it did not contain "a table of contents . . . indicat[ing] the subject matter of each issue or point, or group of issues or points"; "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "include a statement explaining why oral argument should or should not be permitted"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and "contain a short conclusion that clearly state[d] the nature of the relief sought."[1] (First alteration in original) (Internal quotations omitted.) *See* TEX. R. APP. P. 38.1(b), (d), (e), (g), (i), (j); *In re C.H.*, No. 01-22-00777-CV, 2023 WL 2603397, at *1 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet. h.) (mem. op.); *Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *1 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.) (appellant's brief does not comply with

---

[1] A pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure. *See Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (pro se litigant must adhere to Texas Rules of Appellate Procedure); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

Texas Rule of Appellate Procedure 38.1 where it does not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and "contain a short conclusion that clearly state[d] the nature of the relief sought" (internal quotations omitted)); *Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *1–2 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (appellant's brief fails to comply with Texas Rule of Appellate Procedure 38.1 where it contains "no coherent argument supported by appropriate citations"); *see also M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) (appellate briefing requirements are mandatory); *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (Texas Rules of Appellate Procedure control required contents and organization of appellant's brief).

In our April 25, 2023 order, we also struck Bengaly's April 7, 2023 appellant's brief and ordered her to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure by May 15, 2023. We informed Bengaly that

if she filed a corrected appellant's brief that did not comply with the Texas Rules of Appellate Procedure, we would strike her corrected brief, prohibit her from filing another, proceed as if she had failed to file a brief, and dismiss her appeal. *See* TEX. R. APP. P. 38.1, 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Garrett*, 2021 WL 5702177, at *1–3; *Tucker v. Fort Worth & W. R.R.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same); *Petty*, 2014 WL 5500459, at *1–2 (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1). We further informed Bengaly that if she failed to timely file her corrected brief, we would dismiss her appeal. *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f). Bengaly did not timely file her corrected appellant's brief. *See, e.g.*, *In re C.H.*, 2023 WL 2603397, at *1–2.

Accordingly, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f); *In re C.H.*, 2023 WL 2603397, at *1–2; *Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (mem. op.) (after striking appellant's brief for

failure to comply with Texas Rules of Appellate Procedure and appellant failed to timely file corrected brief, dismissing appellant's appeal for want of prosecution); *see also Averett v. Huffman Indep. Sch. Dist.*, No. 01-19-00482-CV, 2020 WL 717543, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2020, no pet.) (mem. op.) ("When an appellant fails to file a brief, we may dismiss h[er] appeal for want of prosecution."). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.