# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00150-CV

---

**Allen Weah, Appellant**

**v.**

**Estancia Villas LLC, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-23-005479, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Allen Weah appeals the trial court's final judgment in a forcible detainer case awarding possessing of an apartment Weah had leased. *See generally* Tex. Prop. Code §§ 24.001–.011 (addressing cause of action for forcible entry and detainer). We dismiss this appeal for want of jurisdiction.

The only issue in a forcible detainer action is the right to actual possession of the premises. Tex. R. Civ. P. 510.3(e). A judgment in a forcible detainer action may not be stayed "pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code § 24.007. Failure to properly supersede the judgment allows it to be enforced, including through issuance of a writ of possession evicting the defendant from the property. *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see* Tex. Prop. Code § 24.0061(a) (governing

issuance and execution of writ of possession). When the appellant no longer has actual possession of the property, the issue of possession becomes moot unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787.

The record reflects that possession of the property was delivered to Estancia Villas LLC by execution of a writ of possession. On March 19, 2024, this Court sent Weah a letter asking him to explain how we may exercise jurisdiction over this appeal now that he is no longer in possession of the apartment. Weah, who is representing himself, filed a response asserting various reasons why the judgment and writ of possession were wrongfully issued.[1] Construed liberally, he argues that the county court at law ignored his demand for a jury trial, the judges of the justice court and the county court at law committed misconduct, and there was no legal ground for issuing a writ of possession.[2] These issues, even if meritorious, do not present any potentially meritorious claim of right to current, actual possession. *See Dutschmann v. Federal Nat'l Mortg. Ass'n*, No. 03-14-00561-CV, 2016 WL 5349379, at *1 (Tex. App.—Austin Sept. 21, 2016, pet. denied) (mem. op.) (explaining assertions that "the judgment and writ of possession were wrongfully issued and executed . . . do not present any potentially meritorious claim of right to current, actual possession"); *Wilhelm v. Federal Nat'l Mortg. Ass'n*,

___

[1] Although litigants who represent themselves must meet the same standards as licensed attorneys, *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005), we construe pro se filings "liberally and with patience 'so as to obtain a just, fair and equitable adjudication of the parties' rights,'" *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (quoting *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.)).

[2] Weah also argues that eviction was improper because Estancia Villas did not seek to recover unpaid rent even though its petition cited unpaid rent as the ground for eviction. Weah has not explained how this presents a potentially meritorious ground for him to recover possession.

2

349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding assertion that trial court failed to comply with rule governing issuance of writs of possession did not present potentially meritorious right to actual possession).

Because Weah is no longer in possession of the apartment and does not raise any potentially meritorious claim of right to current, actual possession, we conclude his appeal is moot. We accordingly dismiss this appeal for want of jurisdiction.[3] *See* Tex. R. App. P. 42.3(a).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed: May 16, 2024

---

[3] Weah filed a combined "Motion for New Trial, Motion to Alter Judgment, & Defendant's Motion for Relief from Judgment" and a separate letter that we construe as a motion for appellate sanctions. We dismiss both motions as moot.