

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-24-00576-CV

**IN THE INTEREST OF C.R.**, a Child

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 21-0032-CV-A
Honorable Jessica Crawford, Judge Presiding

Opinion by:  Irene Rios, Justice
Concurring Opinion by: Lori Massey Brissette, Justice

Sitting:  Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: March 25, 2026

There is a quote, often attributed to Abraham Lincoln, which states, "A man who represents himself has a fool for a client." Although extremely impolite, the saying captures the very real risk pro se litigants take when choosing to represent themselves, particularly where their rights to possession of and access to their children are at stake. It is a warning that the legal process is complex and the rules strict and often unforgiving. Courts routinely and mostly without exception will hold a pro se litigant to the same standards as licensed attorneys because, doing otherwise, could unfairly prejudice the other side. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Shull v. United Parcel Service*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied); *Briggs v. Bank of America, N.A.*, No. 04-16-00087-CV, 2017 WL 685764, at *2 (Tex. App.—San Antonio

Feb. 22, 2017, no pet.). Even the United States Supreme Court has stated, "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)).

I realize that some litigants do not choose to represent themselves and do so only because they cannot afford representation. Our profession has the responsibility to ensure access to justice and has been active in seeking to address that need. Yet, we have more to do in that regard.

But, in this case, Father had an attorney—in fact, a very good one. That attorney withdrew—with Father's agreement—because he refused to follow her counsel. The amicus attorney too—appointed to represent the best interests of the child involved in this case—withdrew after the Amicus alleged that Father "repeatedly threatened and harassed Amicus . . . to coerce and extort certain results or actions from the Amicus in an effort to discredit the process," leading her to advise the court that she could no longer effectively protect the child's best interests. Father then demanded a jury trial, voluntarily placing himself in an even more untenable position both before the jury and afterwards on appeal, which resulted in him not only losing access to his child but failing to preserve the very error he seeks to address. Other pro se litigants have likewise found themselves losing parental access after making procedural mistakes. *See, e.g.*, *Ruiz v. Norris*, No. 13-17-00032-CV, 2018 WL 5987165, at *2 (Tex. App.—Corpus Christi-Edinburg Nov. 15, 2018, no pet.) (pro se mother left with no access to or possession of child due to her own mistakes in the litigation which the court could not cure).

We are seeing an increase in pro se litigants who believe that taking on their own representation in court is as easy as pulling up ChatGPT on their browser.[1] But, ChatGPT can no

---

[1] In the 1970s only 3% of domestic relations cases involved a self-represented litigant. As of 2015, it was estimated that 50-66% of Texas family law cases involved a pro se litigant. Statement of Supreme Court of Texas Chief Justice

more prepare you to meet the challenges of a complex legal matter involving something as important as the fate of your child than it can teach you how to surgically remove a tumor or effectively administer chemotherapy without guidance from a medical expert. Yet, while most parents would balk at the idea of trying to treat their cancer-ridden child on their own, they routinely step into a court of law believing they are as capable as a licensed attorney.

In fact, it seems pro se litigation is becoming somewhat of a sport. But, if a pro se litigant is intent on playing without a coach, he or she must not only know the rules, but should understand the risks and potential consequences. A federal study showed that pro se litigants suffer unfavorable outcomes far more than represented parties. Andrew Pei, *Self-Represented Litigants and the Pro Se Crisis*, Cornell J.L. & Pub. Pol'y, The Issue Spotter (Nov. 4, 2023), https://jlpp.org/self-represented-litigants-and-the-pro-se-crisis. In fact, "when parties choose to represent themselves, they lose around 80-90% of the time. In contrast, when both parties were represented in the study, plaintiffs' and defendants' win percentages were roughly the same, as expected." *Id*. One reason for this discrepancy is that in cases where emotions run high—such as family law cases like this one—"parties have difficulty maintaining an objective perspective, affecting that party's judgment. Counsel can provide objective analysis and sound advice to prevent parties' emotions from influencing litigation outcomes." *Id.* It is too often the case that, as Benjamin Franklin said, "He who won't be counseled can't be helped."

While I join in the majority and agree with its reasoning, I pray this case serves as yet another example for parents who are thinking about representing themselves in custody disputes.

Lori Massey Brissette, Justice

---

Nathan Hecht, LSC's Texas Judicial Panel: The Importance of Access to Justice to the Judiciary, Legal Services Corporation Board of Directors Meeting, Austin, TX, Jan. 24, 2014. I would venture to guess more recent data would show an even more dramatic increase given the pro se community's use of artificial intelligence.