

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00070-CV

_____

LARRY CLAY LONIS, Appellant

V.

CASEY KINZIE, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 22-5266-442

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Larry Clay Lonis, appearing pro se, attempts to appeal from a December 8, 2025 "Order on Motion to Revoke Suspension of Commitment and Second Motion for Enforcement." No postjudgment motion was filed to extend the appellate deadline, so the notice of appeal was due January 7, 2026, but was not filed until February 2, 2026. In the interim, Lonis filed a petition for writ of habeas corpus, which we denied. *See In re Lonis*, No. 02-26-00052-CV, 2026 WL 184596, at *1 (Tex. App.—Fort Worth Jan. 23, 2026, orig. proceeding) (per curiam) (mem. op.).

In a letter dated February 3, 2026, we notified Lonis of our concern that we lack jurisdiction over this appeal because the notice of appeal was not timely filed. Tex. R. App. P. 26.1. We stated that unless he or any party desiring to continue the appeal filed with this court, on or before February 13, 2026, a response showing grounds for continuing the appeal, this appeal could be dismissed.

The timely filing of a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are not exempt from the rules of procedure."); *Maddox v. Hutchens*, No. 2-02-159-CV, 2003 WL 21983260, at *1 (Tex. App.—Fort Worth Aug. 21, 2003, no pet.) (per curiam) (mem. op.) (holding pro se litigants to the same standards as licensed attorneys).

To the extent Lonis is challenging the contempt portions of the December 8 order, we lack jurisdiction to review contempt orders on direct appeal. *See, e.g.*, *Hernandez v. Casas*, No. 04-25-00796-CV, 2026 WL 292096, at *1 (Tex. App.—San Antonio Feb. 4, 2026, no pet. h.) (per curiam) (mem. op.). And to the extent Lonis is challenging the judgment for arrearages, the notice of appeal is untimely. *See In re B.A.T.*, No. 05-10-00593-CV, 2010 WL 3991426, at *1 (Tex. App.—Dallas Oct. 11, 2010, no pet.) (mem. op.).

We therefore dismiss the appeal for lack of jurisdiction.[1]

Per Curiam

Delivered: March 26, 2026

---

[1]Along with his notice of appeal, Lonis filed "Respondent's Motion for Findings of Fact and Conclusions of Law." Having dismissed the appeal for lack of jurisdiction, the motion is rendered moot. *See Perdew v. Am. Bank of Commerce*, No. 01-24-00494-CV, 2024 WL 3940828, at *2 (Tex. App.—Houston [1st Dist.] Aug. 27, 2024, no pet.) (per curiam) (mem. op.) (dismissing any pending motions as moot after dismissing appeal for lack of jurisdiction due to an untimely notice of appeal).